## LOWE & FORSYTHE *vs.* HARRISON.

In an action of trespass, where the declaration contains counts under the statute and at common law, and entire damages are assessed, the damages will not be trebled, it not appearing from the verdict that the damages were assessed the statutory counts only.

*Quære.*— Should not a declaration in trespass, under the statute, in order to bring the offence within its terms, aver that the defendant had no interest or right in the property taken away, and that it was on land not his own?—See Rev. Stat., 1835, title, "Trespasses," p. 612.

### ERROR to Cooper Circuit Court.

ADAMS, *for Plaintiffs in Error.*

1. The verdict in this cause applies as well to the common law counts as to the counts under the statute, and it is only where the trespass is founded upon the statute that treble damages can be given.

2. That the judgment must correspond with the verdict, and the court cannot, in this case, apply the verdict to the statutory counts; the rule being, that a general verdict applies to the whole declaration, so that at common law, where some of the counts were bad and a general verdict was found, the court would arrest the judgment, because the court could not know upon what counts the jury found.— 1 Chitty's Plead., 448; 2 Saund., 171, B; 1 Term Rep., 151; Trevor *vs.* Wall, 3 Term Rep., 435; 5 Johns. Rep., 476.

3. In this case the party had a right to join the common law counts with counts under the statute, but he certainly has no right to treble damages on the common law counts, and the verdict being general, the court cannot confine it to the statutory counts.— 4 Mo. Rep., 564.

4 Suits for trespasses under the statute ought to be brought in the name of the county where the trespass is committed.— See Laws of Missouri, 1839, p. 173, title, "Trespass."

STUART *and* MILLER, *for Defendant in Error.*

1. The court below very properly overruled the motions in arrest, and for a new trial. The declaration in this case is brought under the statute, and though there be several counts in a declaration, and reference is made to the statutes, it is sufficient if the declaration state facts which will appear to the court to be affected by the statute.— See 1 Chitty, 246 and 404.

2. Public statutes, and the facts which they state or recite, must be noticed by the court, without their being stated in pleading.— Same reference.

3. The conclusion of the declaration shows it to be a suit under the statute, and was so recognized by defendants when they filed their notice of special matter to be given in evidence.— See Digest of Mo., 612; George *vs.* Rook, 7 Mo. Rep., 149.

4. By reference to the record in the case of George *vs.* Rook, it will be found, that the declaration contained two counts, and no reference is made in either count to the statute except in the conclusion, and there the trespass is alleged to be " contrary to the form of the statute," and in that case the Supreme Court trebled the damages.

5. If, by the declaration, reference is made to the statute, so as to show that the party sues under the statute, or the acts or trespasses fall within the statute, it is sufficient.— See 5 Cowen, 685; 6 Cowen, 295.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of trespass. The declaration contained four counts; the first two were at common law, and the last two on the statute to prohibit certain trespasses. The last count concluded against the form of the statute. On the trial, the plaintiff obtained a verdict, and the damages were trebled by the court.

The question presented by the record is, whether the damages should have been trebled? It has been determined by this Court, in the case of Withington *vs.* Young, 4 Mo. Rep., that a plaintiff may join, in the same declaration, counts for

trespass at common law, and counts under the statute. At common law, if a declaration contained several counts, and there was a general verdict on all the counts, and entire damages assessed, if any of the counts were bad the judgment would be arrested, because it could not be ascertained but that a portion of the damages were given on the bad counts. In all declarations on a statute it is necessary to conclude against the form of the statute, although all circumstances necessary to support the action be alleged. (Chitty, 405.) If a declaration contained several counts, they are for all purposes as distinct as if they were in separate declarations, consequently they must independently contain all necessary allegations, or the latter count must expressly refer to the former. (Chitty, 450.) It will follow, then, that the allegation at the conclusion of the last count in the declaration, *contra forman statuti*, will not be regarded as relating to the other counts in the declaration. In declarations on statutes containing several counts, the precedents will show that each count concludes, *contra forman statuti*. (2 Chitty.) In this case, then, there are counts at common law, and counts on the statute, and entire damages have been assessed. The damages can only be trebled on the statutory counts. If in contemplation of law, a portion of the entire damages is assessed on each count, how can the damages be trebled without a violation of law? This difficulty might have been obviated if the jury had been instructed to assess damages on each count, if as many distinct offences had been proved, or if, before the trial, the plaintiff had entered a *nolle prosequi* as to the common law counts.

In the case of George *vs.* Rook, 7 Mo. Rep., the only point decided was, that a verdict in an action of trespass under the statute will be deemed for single damages, and that the court should treble them.

The question involved in this case has been expressly decided in Benton *vs.* Dale, 1 Cowen, 160, in which it was held, that, to entitle a party to treble damages, the verdict must be on a count or counts under the statute expressly, and it is not sufficient that it be upon a count on the statute, and a general count in the same declaration. Indeed, it may be questioned whether any of the counts in this declaration are upon the statute, although reference is made to it.

Should not the plaintiff have employed in his declaration the words used in the act, in order to bring the offence within its terms, viz., that the defendant had no interest or right in the property taken away, and that it was on land not his own? If these words are discarded in declarations under the statute, then the only difference between a statutory count and one at common law is, that the one concludes *contra forman statuti*, and the other does not.

Judgment reversed, and judgment will be rendered for single damages.