EWING *et al.*, Appellants, *vs.* LEATON *et al.*, Respondents.

1. Under the first section of the act concerning "trespass," (R. C. 1845,) where a plaintiff, in his petition, claimed damages for a wrongful entry upon his land *and* for timber cut and carried away, and there was a general verdict in his favor, and an entire assessment of damages, with no finding of the value of the timber, *it was held*, that the damages could not be trebled.

*Appeal from Lafayette Circuit Court.*

*Leonard*, for appellants.
*Adams*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

This was a petition under the new code of practice, for trespassing upon the plaintiffs' land, and cutting down and carrying off timber, &c. The petition is as follows : "Plaintiffs state, that on the first day of April, A. D. 1849, and on divers other days in the months of April, May, June and July, 1849, defendants, without leave, and wrongfully, entered upon land not their own, to-wit : the west half of the south-west quarter of section number twenty, of township number forty-nine, and of range number twenty-seven, at the county of Lafayette and state of Missouri, of which land the plaintiffs were then and are now the owners, and then and there cut down and carried away timber, then standing, being and growing on said land, to-wit : one hundred white oak trees ; one hundred black oak trees ; one hundred black walnut trees, and one hundred other trees of great value, to-wit : of the value of two hundred dollars, contrary to the form of the statute in such case made and provided, to the damage of the plaintiffs six hundred dollars, for which they ask judgment."

The defendants answered : "They deny that they or either of them entered on land on the first day of April, 1849, or on divers other days in the months of April, May, June and July, 1849, without leave and wrongfully, of which the plain-

tiffs were then or now are the owners in the petition as alleged. They deny cutting down and carrying away timber, &c., and deny that the plaintiffs are the owners of said land. They admit that about the time mentioned in the petition, they did cut down and carry away from said land the timber of about forty-five trees, or such parts thereof as were fit to be used for rails ; that said trees were worth, and of the value of about twenty-five dollars, and no more, as defendants believe ; but they say, that defendant, William H. Ewing, claimed, and as defendants believed, had a just title to said land, and said timber was taken by the authority, and under the license of said William H. Ewing ; and defendants cut and took said timber in good faith, believing that they had a right so to do ; and insist that said William H. Ewing then was and still is owner of said land, and deny that plaintiffs are the owners of said land, as alleged, and require proof thereof."

A trial was had at the May term, 1852, of the Circuit Court of Lafayette, and the jury returned the following verdict : "We, the jury, find the issues for the plaintiffs, and assess their damages at the sum of one hundred dollars."

The plaintiffs moved the court for judgment for treble the damages ; this motion the court sustained, and rendered judgment for the sum of three hundred dollars, treble the damages.

The defendants then moved in arrest of judgment and for a new trial, which being overruled, they excepted and prayed an appeal to the Supreme Court.

The parties have preserved none of the evidence on the trial, therefore no notice will be taken in this court of the motion for a new trial. The motion in arrest of judgment, and the action of the Circuit Court upon that motion, will be the only matters deemed necessary for the consideration of this court. The defendants, in their motion in arrest of the judgment, assign as reasons, " that the value of the trees or timber, mentioned in the petition, is not found by the verdict of the jury ; that the court erred in trebling the damages ; that the petition is insufficient for the damages to be trebled thereunder ; and, be-

cause the court had no right to treble the damages in said cause under said verdict."

1. The statute upon which this proceeding was had, declares : "If any person shall cut down, injure or destroy, or carry away any tree, placed or growing for use, shade or ornament; or any timber, rails or wood, standing, being or growing on the land of any other person, &c., the person so offending shall pay to the party injured treble the *value* of the thing so injured, broken, destroyed or carried away, with costs."

The counsel for the plaintiffs below contend, that the court was warranted and authorized to take the damages found for the plaintiffs by the jury, as the value of the timber trees, so cut and carried away ; and that if the verdict be taken for the value of the thing injured, then it was proper and right for the court, under the statute, to give judgment for treble damages.

The counsel for the appellants here, defendants below, contend, that the damages assessed in this verdict, cannot be considered as the value of the trees, timber, &c., cut down and taken away, alone ; that the damages were assessed upon the issues between the parties being found for the plaintiffs ; that one of these issues was the wrongful entry, without leave, upon lands belonging to the plaintffs, and that the court cannot legally say, that the damages so found were for the value of the timber or thing injured ; that it was proper for the jury to estimate in their damages this wrongful entry ; and such entry is not one of the specified acts of the trespass, on which a judgment for treble the value can be made ; that the jury should estimate the value by verdict ; here they have assessed damages upon the general finding of the issues for the plaintiff. One of these issues was made upon the allegation of cutting down trees and carrying them away ; another, upon the ownership or title to the land ; another, for wrongful entry on the land. It is, therefore, legally impossible for the court to say, that the value of the timber only, forms the damages found in the verdict in this case.

Now, by looking at the petition and answer and verdict, and

carefully examining the same, we are led to the conclusion, that it is not legally possible for this court to say, that the one hundred dollars damages is the value of the trees cut down and carried off. The jury might have found damages for the bare entry wrongfully made upon the plaintiffs' land, if that had been the only issue. True, the damages might have been nominal. The law says, the judgment shall be for treble the value of the thing injured. Now the value should have been found in a case like this. It was not necessary, under the statute, to aver that there was a wrongful or tortious entry. Although one cannot easily see how a person can cut down and carry away timber trees, standing, growing and being on the land of another, without entering thereon, yet the statute leaves out the entering. It begins by saying: "If any person shall cut down, injure or destroy," &c.; here the plaintiffs aver the trespass by a wrongful entering on the land without leave, and the defendants deny this entry.

In our view of the law arising on this statute, in regard to the form of the pleadings and verdict in this case, the court below erred. We cannot say, that the damages given can be considered by the court legally to be the value of the timber cut. We do not know but what smart money may have been given for the trespass; and in order to avoid all this difficulty, the jury should have been required, in this case, to say what the value of the trees or things injured was. This would not be necessary, probably, in cases where the petition was alone for cutting down trees, or any other statutory injury mentioned in the first section of the act. But this petition has a common law trespass, as well as a statutory trespass. It is brought for a wrongful entry, as well as cutting down trees. The general verdict and damages, therefore, will not, in a case like this, be considered the value of the trees only. The judgment of the Circuit Court, so far as it trebles the damages, is erroneous. This case must be reversed and remanded to that court, with directions to enter up the judgment upon the verdict, for one hundred dollars damages and costs of the suit in that court; the other judges concurring.