IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1858, AT JEFFERSON CITY.

~~~~~~~~~~~~~~~~~

WALTHER, Plaintiff in Error, v. WARNER, *et al.*, Defendants in Error.

1. *Quere,* where the petition is in the ordinary form of a petition in trespass, not concluding *contra formam statuti,* and not containing a prayer for treble damages, whether a judgment for treble damages under the "act to prevent certain trespasses" (R. C. 1845) could be supported.
2. Where the court in which the cause is tried refuses to treble the damages, the supreme court will not review this action unless the evidence bearing upon the question of "probable cause" be preserved.
3. The burden of showing "probable cause" is on the defendant; but it is not necessary that he should set it up in his answer.

### *Error to Cole Circuit Court.*

It is deemed unnecessary to set forth the facts more fully than they are set forth in the opinion of the court.

*Parsons,* for plaintiff in error.

I. It was the duty of the court and not of the jury to treble the damages. (See George v. Rook, 7 Mo. 149 ; Lowe & Forsyth v. Harrison, 8 Mo. 352 ; 8 Johns. 347 ; 1 Cow. 175 ; 25 Wend. 422 ; Warren v. Doolittle, 5 Cow. 684.)

II. There is nothing in the pleadings or evidence setting up any defence on the ground that defendants had probable cause to believe that the land on which the alleged trespasses were committed and the things injured and carried away and destroyed were their own. This defence should have been pleaded in order to make it available. The defendants' first instruction is neither within the spirit nor the letter of the statute. It asks the court to tell the jury that if defendants had probable cause to believe that those under whom they were contractors had a *legal right* to do what they have caused to be done, &c. The statute is that they must have had probable cause to believe the land was their *own*.

III. The petition is drawn substantially upon the statute, with all the allegations necessary to bring the offence within its terms. The petition does not charge the offences to have been committed against the form of the statute, nor is any reference in terms made to the statute; neither was it necessary to do so. This action was brought under the practice act of 1849, by virtue of which forms were abolished and every action was one upon the case. (Sess. Acts, 1849, p. 73; 6 How. Pr. R. 211; 12 Wend. 72; 8 How. Prac. R. 472.) The statute has been pleaded in this case by stating the facts which bring the case within it. (Gould's Pleading, 56; 19 Mo. 420.)

IV. It is no objection that the petition demands judgment for but one thousand and thirty dollars. (Sess. Acts, 1849, p. 92, art. 17, § 3.)

V. The only error committed was in refusing to render judgment for treble the damages found by the jury. Plaintiff in error asks that the judgment of the court below may be affirmed and that judgment for treble damages may be rendered for the plaintiff in error.

*Gardenhire*, for defendants in error.

I. The plaintiff's action is not based upon the statute. It makes no reference whatever to the staute, nor does it demand the relief to which the plaintiff now supposes himself entitled. He asks judgment for $1030 only. (See R. C.

1855, p. 1229, § 3; 1 Chitt. Pl. 372–3, 374; 2 Chitt. Pl. 494–5, 503; 1 Gall. 259; 5 Greenl. R. 78.)

II. If the action had been based upon the statute the question of " probable cause" ought to have been submitted to the jury. It is a question of fact and not of law. The plaintiff himself prevented such submission and does not and can not now complain of it.

III. If the question of " probable cause" was properly submitted to the court, its decision ought not to be disturbed. It is abundantly shown that defendants had probable cause to believe that the property injured was their own, or belonged to those who employed them, for the purpose of constructing the road.

NAPTON, Judge, delivered the opinion of the court.

The only point in this case is made upon the refusal of the circuit court to treble the damages found by the jury. The petition set forth that the defendant, without leave, and wrongfully, entered upon a certain tract of land, which is described, of which the plaintiff was owner, and cut down and destroyed timber growing on it of the value of five hundred dollars, and destroyed rails of the value of thirty dollars, and dug up and carried away clay, soil, &c., to the value of five hundred dollars. The petitioner averred that the land upon which these trespasses were committed was not the property of the defendants, and that they had no right or interest in the trees, rails, soil, &c., which had been taken or injured by reason of these trespasses. The plaintiff concluded by stating himself entitled to damages to the amount of one thousand and thirty dollars, and for this sum he asked judgment.

The jury found a verdict for the plaintiff and assessed his damages at seven hundred dollars, that being ascertained by them to be the aggregate value of the property destroyed or used by the defendants. The plaintiff moved for a judgment for treble this amount in accordance with the statute allowing this penalty for certain trespasses described in it; but the

court refused to treble the damages, and this is complained of as error here.

The act entitled " An act to prevent certain trepasses" (R. C. 1845, p. 1069) provides that if any person shall cut down, injure or destroy trees growing on land belonging to another, or shall dig up mineral, soil, &c., or cut down and carry away grain, &c., in which trees, grain, soil, &c., he has no interest or right, and which are standing or growing on land not his own, he shall pay to the party injured treble the value of the property taken or injured. The third section of this act provides that this penalty may be recovered by an action of trespass or debt founded on this statute, or by indictment; but when indictment is resorted to the penalties go to the county treasury.

This petition makes no allusion whatever to this statute. It describes a trespass which is within its meaning and almost within its letter, but a trespass which was still the subject of an action at common law, as well since as before the passage of the statute. Neither in the body of the petition nor in its conclusion is any reference made to the statute, nor does the plaintiff any where say, directly or indirectly, that he seeks a recovery of the penalty which this statute has allowed. On the contrary, he avers that his damages amount to one thousand and thirty dollars, and for this sum, and not for treble this sum, he asks judgment.

It is laid down in Chitty's Pleadings (1 Chitt. Pl. p. 405) " that where the act or omission is not an offence at common law, it is necessary in all cases to conclude against the form of the statute or statutes, or to show at least that the declaration is founded on the statute by introducing the words *de placito transgressionis et contemptus contra formam statuti.*" And this author adds that the omission of the words " against the form of the statute or statutes," when proper to be inserted, is fatal, even after verdict. In the various forms of proceedings on penal statutes to be found in the second volume of this writer (2 Chitt. Pl. p. 494–5) it will be seen that they not only conclude against the form of the statute,

but particularly refer to the statute in the body of the declaration, and invariably demand whatever penalty is given by the statute.

There can be no doubt that the proceeding in this case comes within the rule stated by Chitty ; but as the suit was instituted since the adoption of our code of practice of 1849, it is urged that so much nicety is not any longer necessary or proper.

The general scope and object of this new code is certainly to do away with mere formalities, but at the same time it is very far from the purpose of this law to encourage or tolerate general, indefinite and vague allegations. The spirit of this code is to make pleadings more special than before. The plaintiff is required to state his cause of action and the relief to which he supposes himself entitled, so that the adverse party and the court may know with certainty what he complains of and what relief he wants. What is there in the complaint in this case which can authorize the inference that the plaintiff is proceeding on a statute—that he is asking for a penalty ? How could it be inferred that he has any other object than to recover the actual value of the property he has lost and any damages which the jury might choose to give him for the entry upon his close, and smart money for both if the circumstances should seem to warrant. This is the relief which he asks for in his petition. He says the actual injury which he has sustained amounts in value to one thousand and thirty dollars, and he asks a judgment for this amount, and not for three times this sum.

It is suggested that as the new code requires the plaintiff to swear to the amount of his damages, some difficulties might be thrown in the way of men of tender consciences by requiring them, when instituting suits under the statute, to swear to the treble damages. But there is no difficulty in this case. The plaintiff can state and swear to what he believes to be the extent of his injury, and can then ask for a judgment for three times that sum by virtue of the statute.

The question in this case is not whether a judgment for

treble damages could have been supported by such a petition. The question is whether this court will reverse the judgment of the circuit court for single damages, and enter up a judgment for treble damages here. In examining the question we have referred to the vague and unsatisfactory form of the petition, showing that it is at least questionable whether the circuit court would have been warranted in trebling the damages under any condition of facts proved; but there are other considerations which must affect the action of this court when called upon to do what the circuit court has declined to do. There is nothing preserved on the record from which this court can form any plausible conjecture as to the real merits of this case. Whether the circuit court acted correctly or not in refusing to treble the damages, is a matter which of course must depend upon the evidence disclosed at the trial, and none of that has been preserved. The fourth section of the statute provides, that if it appear upon the the trial that the defendant had probable cause to believe that the land on which the trespass is committed, or the thing taken destroyed or carried away, was his own, single damages only shall be recovered. Under this provision the practice in this state has been for the jury to assess the actual value of the property taken or injured, and for the court to treble the damages. All the cases decided by this court recognize this practice, and it is unnecessary to cite them. This practice must imply that the court is the sole judge both of the fact and law in reference to the question of probable cause; or, if the facts are submitted to the jury, that they must find a special verdict. The latter has never, I believe, been the practice in this state, but the whole testimony has been submitted to the jury, and, upon a verdict for the plaintiff for single damages, the court, having heard the testimony submitted to the jury, has given judgment for treble or single damages, as the facts in evidence seem to warrant. In other states the practice is different, and the question of probable cause is submitted to the jury under instructions, just as any other issue in the case. Whether the practice here be right

or wrong is of no consequence in the determination of this case, since the circuit court, at the instance of the plaintiff, withdrew from the jury the whole question of probable cause and treble damages. The plaintiff therefore can not allege as error that which was done at his own request and by his own instructions.

It is manifest that if this court is desired to review the action of the circuit court upon the question of probable cause and treble damages, the evidence upon which that court acted must be preserved, or the facts found either by a special verdict of the jury or by the court. The whole subject was left to the court in this case upon such evidence as had been submitted to the jury, or upon such as was subsequently submitted to the court. It would seem reasonable that the party complaining of error should show affirmatively from the record that error had been committed. Undoubtedly, where the action is founded on the statute, the burthen of showing probable cause for the trespass is on the defendant; but it is not necessary that he should set it up in his plea or answer. That evidence was given in this case with a view to this defence is apparent from the instructions. Whether the evidence make out a case within the fourth section or not we have no means of conjecturing. It was the business of the party complaining to show this. We should be acting altogether in the dark to undertake to treble the damages here.

The other judges concurring, the judgment is affirmed.