IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1859, AT ST. LOUIS.

————•••————

BREWSTER, Respondent, v. LINK, Appellant.

1. In actions founded on the "act to prevent certain trespasses," (R. C. 1845, p. 1068,) the jury can assess single damages only; the jury should assess the value of the property taken or injured; the court will then, if a proper case be made out, give judgment for treble the amount so assessed.
2. The question of "probable cause" is in such cases to be determined by the court.
3. Where the petition contains counts under the statute and at common law, and the jury render a general verdict, the court is not authorized to treble the damages.

*Appeal from St. Louis Land Court.*

*T. Polk*, for appellant.

I. The jury could only assess single damages. When damages are to be trebled, it must be done by the court, not by the jury. (1 Cow. 584, 160; 8 Johns. 344; 4 Mo. 564; 7 Mo. 149; 8 Mo. 350; 12 Mo. 511; 1 Mo. 280.) The fourth instruction authorizes the jury to assess treble damages against the defendant. This was error; nor is it any the

less error that the defendant prayed a similar instruction, which was also given by the court. The court having given the fourth instruction against the objection of the defendant, he might well ask an instruction putting the same erroneous legal proposition in a shape less prejudicial to his case. The instruction is erroneous for other reasons. The damages were flagrantly excessive.

*Bland & Coleman*, for respondent.

I. The defendant can not successfully complain of the instruction given on the prayer of the plaintiff. The defendant asked and the court gave an instruction asserting the same proposition asserted in the instruction alleged to be erroneous. The defendant can not allege as error that which was done at his own request and by his own instructions.

II. There is nothing in the record to show that the jury gave a verdict for any thing more than single damages. (George v. Rook, 4 Mo. 149.) The verdict is that the jury " find for the plaintiff and assess his damages at the sum of $100." (17 Mo. 465 ; Labeaume v. Woolfolk, 18 Mo. 514; 24 Mo. 492 ; 26 Mo. 143.)

RICHARDSON, Judge, delivered the opinion of the court.

This was an action of trespass alleged to have been committed by the defendant on land that belonged to the plaintiff. The petition contains three counts—two of which were intended to be framed on the statute of 1845 to prevent trespasses, and the other is a common law count for entering the plaintiff's close and cutting and carrying away timber, and removing wood and rails. The jury found a general verdict for the plaintiff and assessed his damages at one hundred dollars. The court gave the following instruction at the plaintiff's instance : " If the jury shall believe from the evidence in the case that the fence in question was erected by the plaintiff, and that at the time of the erection thereof he was in the possession of the land upon which it was erected,

and had been in such possession for a period of years prior thereto, and that the defendant removed the fence, and that such fence was not upon the land of the defendant, then the defendant is entitled to treble the amount of damages sustained in consequence of such removal, unless the jury shall believe that the defendant had probable cause to believe that the land on which the fence stood was his own."

The practice is well established that in actions founded on the statute, entitled "An act to prevent certain trespasses," the jury can only assess single damages; and that when a proper case is made out for trebling the damages, it can only be done by the court; (Lowe & Forsythe, v. Harrison, 8 Mo. 350; Walther v. Warner, 26 Mo. 148;) and the court is not authorized to treble the damages assessed by the jury in a general verdict, in a case where the petition contains counts under the statute and at common law; (Lowe & Forsythe v. Harrison, 8 Mo. 350;) or the petition goes for a wrongful entry *and* other damages, and the verdict omits to find the value of the thing injured, destroyed or carried away. (Ewing v. Leaton, 17 Mo. 465; Labeaume v. Woolfolk, 18 Mo. 514; Herron v. Hornback, 24 Mo. 492.) The plaintiff does not defend the instruction, but contends that it did not prejudice the defendant, as there is nothing in the record to show that the jury gave any thing more than single damages. As the jury can lawfully only assess single damages, it will generally be presumed that they gave nothing more, (Cooper v. Martin, 6 Mo. 634,) but this presumption will not be indulged when the jury is expressly told by the court that they may give treble the amount of damages sustained by the plaintiff.

After the instructions asked by the plaintiff had been given against the defendant's objections, he asked the court to instruct the jury to the effect that the plaintiff could not recover in any event more than single damages, if they should find that the defendant had probable cause to believe that the land on which the trespass was alleged to have been committed, or the things injured or destroyed, taken or carried

therefrom, were his own. It is insisted that as the defendant, in the instruction which he asked and the court gave, conceded that it was the province of the jury, in a given state of facts, to treble the damages, that he can not now complain of the instruction given at the plaintiff's instance. If the defendant had asked the same declaration of law contained in the plaintiff's instruction, and no more, it might be insisted that he had waived his objection to that instruction; but as he was compelled to take the law as the court chose to give it, he did not lose the right to insist on his exceptions in this court by seeking to break the force of an erroneous proposition in a form less hurtful to his case.

The other judges concurring, the judgment will be reversed and the cause remanded.