ROBERT A. HEWITT, Appellant, *v.* LEMUEL HARVEY, Respondent.

1. *Practice, civil—Actions on statute, penalty remedial—Petition must state what.*—It is only necessary for a party wishing to avail himself of a statute which is not purely penal, but is also remedial, to state facts which bring his case within its provisions. It is not necessary to conclude that the act complained of was done contrary to the form of the statute. But all the facts essential to support the action should be alleged, or in substance appear on the face of the petition. (Wagn. Stat. 1345, § 1; Kennayde v. Pacific R.R. Co., 45 Mo. 255.)

2. *Trespass—Action for cutting away timber—Action on statute must set forth what*—A petition founded on the statute touching trespass for cutting and carrying away timber, which claims more than treble the alleged value of the timber, and fails to state that defendant has no interest or right in the timber carried away, or that it was taken from land not that of defendant, may be sufficient to give a common-law action, but can not be held to be a count on the statute.

*Appeal from Fifth District Court.*

*Strong & Chandler*, for appellant.

I. The petition is sufficient under the statute of trespasses. This suit is not founded on a penal statute, but upon a remedial statute. Though the consequences of the violation are partially punitive, yet the primary object of the law is to give compensation for injuries actually sustained. (13 Pick. 94, 102; Gen. Stat. 1865, p. 661, § 41; *id.* 379, § 1.)

II. This action is upon the first clause of section 1 of the statute (Wagn. Stat. 1345), and under this clause it is only necessary to allege that the land upon which the timber was cut, etc., was the land of another person, and this is done in the amended petition.

III. The damages were properly trebled by the Circuit Court. (17 Mo. 465; 18 Mo. 514.)

*Hall* and *Vories*, for respondent.

I. Actions on statutes for wrongs done in violation of statutes must conclude " contrary to the form of the statute." (1 Chit. Pl. 373; Peabody v. Hoyt, 10 Mass. 36; Cross v. United States, 1 Gallison, 36; Leon v. United States, *id.* 261; Lea v. Clark, 2 East, 333; 13 Wend. 396; Lowe & Forsyth v. Harrison, 8 Mo. 351; Waltham v. Warner, 26 Mo. 145.) This rule of the common law has not been changed by our practice act, but is continued in force by it. (Gen. Stat. 1865, p. 661, § 41.) In this respect our present statute differs from the act of 1849.

II. The petition in this case is not a good petition under the statute concerning trespasses. A petition under the statute must state " that the defendant had no interest or right in the property taken away, and that it was on land not his own." (8 Mo. 352.)

III. The verdict of the jury in this case does not find the value of the timber cut by defendant, and hence it was error for the court to treble the damages. (Ewing v. Seaton, 17 Mo. 465; Labeaume v. Woolfolk, 18 Mo. 514; 26 Mo. 145.)

WAGNER, Judge, delivered the opinion of the court.

This was an action for trespass in cutting and carrying away certain timber on land belonging to the plaintiff. In the Circuit Court the jury returned a verdict for the plaintiff, and on motion the court gave treble damages. On appeal, the District Court reversed the judgment and awarded single damages only. From the state of the pleadings, no question can be considered here except the action of the court in reference to damages.

The amended petition on which the cause was tried substantially set forth that the defendant, without leave and wrongfully,

entered upon land of which the plaintiff was owner, and cut down, injured, destroyed, and carried away trees, timber, rails, and wood, standing and growing on the land, to the value of $400, by which acts of defendant, plaintiff was damaged $500, and he therefore prayed judgment for $1500, three times the amount.

The statute upon which defendant attempts to base his claim declares that "if any person shall cut down, injure or destroy, or carry away any tree placed or growing for use, shade, or ornament, or any timber, rails, or wood standing, being, or growing on the land of any other person,   *   *   *   in which he has no interest or right, standing, lying, or being on land not his own, *   *   *   the person so offending shall pay to the party injured treble the value of the thing so injured, broken, destroyed, or carried away, with costs." (2 Wagn. Stat. 1345, § 1.)

It is contended by the counsel for the respondent that the petition is manifestly and materially defective as a pleading formed on the statute, and can only be considered as giving a common-law right of action. The ground assumed, that in declaring on the statute it is indispensably necessary to conclude with an averment that the act was done contrary to the form of the statute, we are hardly willing to concede. Such strictness might be required in bringing an action purely for a penalty; but this statute, although penal, is also remedial. Judge Scott, in Lowe *et al.* v. Harrison, 8 Mo. 352, propounds the inquiry whether the words should not be employed in the *declaration*. But the point was not necessary to the decision of the case, and he does not undertake to decide it.

Judge Napton, in Waltham v. Warner, 26 Mo. 141, seems to intimate that that would be the correct mode of pleading; but the question was not expressly passed upon. Chitty, in giving a form of debt for double rent in holding over, inserts the words " against the form of the statute," but says in the note that some of the forms contain this averment, and some do not, without expressing any opinion whether it is necessary or not. (2 Chit. Pl. 495, 5th ed.)

In Massachusetts the statute provided that a party might recover double damages for an injury caused by a defect in a

highway, and the supreme judicial court of that State, after a most full and thorough review of the authorities, held that it was not necessary to allege in the declaration that the injurious act or neglect of the defendant was *contra formam statuti*. (Reed v. Inhabitants of Northfield, 13 Pick. 94.)

It is óbvious that our practice act has to some extent changed the rules of pleading in regard to statutes. (2 Wagn. Stat. 1020, § 20.) Accordingly, we decided, in Kennayde v. Pacific R.R. Co., 45 Mo. 355, that it was only necessary for a party wishing to avail himself of a statute, to state facts which brought his case clearly within its provisions, but that all the circumstances essential to support the action should be alleged, or in substance appear on the face of the petition. Tested by the foregoing principles, can the petition in this case be considered as a count on the statute? Under the code, as well as before its adoption, the plaintiff is required to state his cause of action in plain and precise terms, so that there can be no misapprehension as to what he complains of, and what relief he demands.

The only attempted reference to the statute in the petition is where the plaintiff, after stating that the value of the timber was $400, claimed damages for $500, and asked that the damages might be trebled, and that he might have judgment for $1500.

The statute does not permit any such judgment. It allows three times the value of the timber, and no more. In a common-law action, the jury might perhaps give additional damages over and above the actual value of the thing destroyed or carried away; not so, however, on a declaration framed on the statutes. The petition does not state that the defendant had no interest or right in the timber cut and carried away, or that it was taken from land not his own. No facts are stated which, according to the rules of good pleading, bring the plaintiff's case within the provisions of the statute. The petition is sufficient to give a common-law right of action, but is not good under the statute. (Lowe & Forsyth v. Harrison, 8 Mo. 351 ; Waltham v. Warner, 26 Mo. 145.)

The judgment of the District Court will be affirmed. The other judges concur.