JOHN R. SHREWSBURY, Respondent, *vs.* HENRY F. BAWTLITZ, Appellant.

1. *Trespass—Common law and statutory trespass, united in one suit—Jurisdiction of justice, extent of—Power of court to treble damages.*—Where plaintiff's causes of action comprehend a common law trespass, for wrongfully entering his land, and also a trespass under the statute for cutting down and carrying away his timber; and the verdict is general concerning both trespasses, the damages cannot be trebled.

In such proceeding a justice would, under the statute concerning justices' courts, (Wagn. Stat., 808–9, § 3), have jurisdiction to hear a case for single damages, to the extent of fifty dollars; and under the trespass act (Wagn. Stat., 1345, § 1), suit being for statutory trespass only, the court may treble the verdict.

*Appeal from Nodaway Circuit Court.*

*Dawson & Edwards,* for Appellant.

*C. A. Anthony,* for Respondent, cited in argument, Ewing vs. Leaton, 17 Mo., 465 ; LeBaume vs. Woolfolk, 18 Mo., 514 ; Heron vs. Hornback, 24 Mo., 492 ; Brewster vs. Link, 28 Mo., 147.

ADAMS, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace and taken by appeal to the Circuit Court.

This action was founded on the first section of the Trespass Act (Wagn. Stat., 1345). The statement of the plaintiff's causes of action filed with the justice, was for wrongfully and unlawfully entering by the defendant upon plaintiff's land ; and for cutting and carrying away therefrom timber trees, to the value of thirty dollars ; for which several trespasses, the plaintiff in his statement claimed damages to the amount of thirty dollars, and asked judgment that his damages should be trebled according to the provision of the statute.

The jury found a general verdict for two dollars in favor of the plaintiff, and did not specify in their verdict that the damages found were for the value of the timber cut and carried away. A judgment was rendered for the single damages.

The defendant afterwards moved in arrest, for the alleged

reason that the justice had no jurisdiction, because the plaintiff by his statement asked treble damages under the statute for an amount exceeding the jurisdiction of the justice. This motion was overruled, and the defendant excepted and appealed to this court.

1. The statement of the plaintiff's causes of action comprehend a common law trespass, which was for wrongfully entering upon his land; and also a trespass under the statute, which was for cutting down and carrying away his timber trees. As the verdict was general, it covered both trespasses and was not such a verdict, as the court had the right to treble; and therefore, the judgment was properly rendered for single damages. (See Ewing vs. Leaton, 17 Mo., 465; LeBaume vs. Woolfolk, 18 Mo., 514; Heron vs. Hornback, 24 Mo., 492: Walther vs. Warner, 26 Mo., 143.)

2. But the main point urged for reversal is, that the justice had no jurisdiction. The damages claimed were thirty dollars. That amount was certainly within the jurisdiction of the justice, according to the act concerning Justices' Courts. The second section of the act (2d Wagn. Stat., 807,) provides that a justice of the peace shall have jurisdiction over "actions for injuries to persons or to real or personal property, wherein the damages claimed shall not exceed fifty dollars." Under this law the justice clearly had jurisdiction to hear a case for single damages up to the amount of fifty dollars. This law however, gives a justice no jurisdiction whatever to treble damages in any case. He has no authority under the act concerning Justices' Courts to interfere with the verdict of the jury at all. He must let it stand, and pronounce his judgment on it; or, if he fails to render a judgment on the verdict. Still it must stand as and for his judgment, from which an appeal may be taken to the Circuit Court.

Certainly actions for trespass under the Trespass Act may be brought before a justice of the peace; and therefore, we must consider both laws together to ascertain the extent of his jurisdiction.

The law concerning Justices' Courts, allows him to hear and determine actions for single damages to the amount of fifty dollars. The verdict of the jury must be for single damages. The Trespass Act authorizes the justice to treble the verdict, if the facts of the case will warrant it. He derives his authority to treble the verdict from the Trespass Act, and not from the act concerning Justices' Courts. So, if both acts be considered together, it is obvious that a justice of the peace has jurisdiction to act on the verdict of the jury; and to treble it in a proper case, although his judgment might amount to one hundred and fifty dollars on a verdict of fifty dollars for single damages.

There seems to be no other reasonable construction that can be given to these two acts. Any other construction would require the amount of single damages before a justice to be less than seventeen dollars.

These statutes are remedial and must be literally construed so far as the jurisdiction of the courts is involved.

It was certainly not the intention of the legislature to abridge the jurisdiction of justices in such cases. The question of trebling the damages is as easy of solution in a case of fifty dollars as for any less amount.

Under this view, the motion in arrest was properly overruled. Judgment affirmed. The other judges concur, judge Sherwood absent.