ZACHARY WOOD, guardian of FORTUNATUS L. WOOD, Respondent, *vs.* ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, Appellant.

1. *Justices' courts—Statement—Sufficiency.*—No technical pleadings are required to be filed in a justice's court, and though the statement filed may not show in direct terms the facts necessary as a foundation for the action, yet if they are inferable from the statement, this will be sufficient, at least after verdict.

2. *Continuance—Affidavit—Diligence.*—An affidavit for a continuance on account of the absence of a material witness, must not only show the facts of his absence and materiality, but also that due diligence has been used to secure his testimony.

3. *Damages—Railroad—Killing of stock—Practice—Verdict.*—In proceedings against a railroad for double damages for the killing of stock under ¿ 43, Wagn. Stat., 310, the proper practice is for the jury to find a verdict for single damages only, and the court may then render judgment for double damages.

4. *Railroads—Killing stock—Single and double damages.*—An action for damages for killing of stock cannot be brought under both the forty-third section of the Railroad Law, (Wagn. Stat., 317,) and the fifth section of the Damage Act, (Wagn. Stat., 520). Such action must be brought under only one of them, and should be tried under the one which applies to the facts of the case as made by the petition and evidence; and instructions which leave it uncertain, under which act they are to proceed in estimating damages, tend to confuse and mislead the jury, and are improper.

*Appeal from St. Charles Circuit Court.*

*W. Blodgett & M. M'Keag,* for Appellant.

*John A. Keelar & John B. Allen,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace, in Cuivre township in St. Charles county.

The action was founded on the 43rd section of the act concerning "Railroad Companies." (1 Wagn. Stat., 310.)

The cause of action filed before the justice was substantially as follows: "That on the 30th day of May, 1873, the plaintiff was the owner of two horses and one mule colt; that one of the horses was of the value of one hundred and ten dollars, and the other of the value of one hundred and twenty-five dollars, and the mule colt of the value of forty dollars;

that the defendant being the owner of the locomotive and cars used on the railroad of defendant, did negligently and wilfully, by its agents and servants, run over said horses and mule in said township, near a railroad crossing and at a place where said railroad passes through, along and adjoining inclosed and cultivated fields and prairie lands; that the defendant failed to construct and maintain cattle guards and fences at the place where the said animals got on the track of said road, and where the two horses were killed and the mule injured; that in consequence of such failure, the animals came upon the track of said road and the horses were killed by the locomotive and cars of the defendant, and the mule was thereby injured, by which plaintiff was damaged in the sum of two hundred and sixty-five dollars; that the defendant is liable, by the laws of this State, to pay ·the plaintiff double the amount of the damage so done, to-wit: the sum of five hundred and thirty dollars, for which sum judgment is prayed.

The plaintiff recovered a judgment before the justice for double damages. From this judgment the defendant appealed to the St. Charles Circuit Court. The parties afterwards appeared in the Circuit Court at the time set for the trial of the case, when the defendant made an application for a continuance of the cause, which said application was supported by the following affidavit, to-wit: "Maurice McKeag, attorney for the defendant, makes application for a continuance for the following reasons: 1st—because this is the first term of this court since the appeal was taken, and although notice had been given to the appellee in writing, as required by law, the appellee failed to enter his appearance as required by law; 2nd—because James Smyth who is an important and material witness for the defendant is absent; that the defendant is unable to procure the testimony of said Smyth; that he is not absent through the procurement or connivance of the defendant; that he does not know of any witness by whom he can prove the same facts; that he had not a subpoena issued for said witness, as upon inquiry he ascertained

he is in New York; that he expects to find him or have his deposition before the next term of the court; that he cannot safely go to trial without said witness' testimony as he believes that it is material; that the fact of his absence was not known in time to have his deposition to use in said cause."

This affidavit was subscribed and sworn to by the defendant's attorney, McKeag. The application for a continuance was heard and overruled by the court, to which the defendant excepted.

A trial was had before a jury. The evidence tended to prove facts sufficient to authorize a recovery by the plaintiff. At the close of the evidence the court upon its own motion instructed the jury as follows:

"To entitle the plaintiff to recover, it must be shown to the satisfaction of the jury that the horses and mule belonged to the plaintiff at the time of the killing.; that they were killed by the defendant's locomotive machinery, and on a part of the railroad track which passed through cultivated or inclosed fields, and that the horses got on the track in consequence of defective fencing or cattle guards; and if the evidence shows that the killing was at a public crossing, then there can be no recovery. The measure of damages in the event of recovery is double the actual value of the property at the time of the killing."

The defendant objected to the foregoing instruction and excepted.

The court then, at the request of the plaintiff, gave the jury the following instructions:

"1st.—When any animal or animals shall be killed or injured by the cars, locomotives or carriages used on any railroad in this State, the owner of such animal or animals may recover the value thereof, in an action against the company or corporation running such railroad, without any proof of negligence, unskillfulness or misconduct on the part of the officers, servants or agents of such company, unless the accident complained of occurred on a portion of said road that may be inclosed by a lawful fence or in the crossing of a public highway.

2nd.—That it is the duty of the company or corporation to erect and maintain good and substantial fences at least five feet high on the sides of its road where the same passes through, along, or adjoining inclosed or cultivated fields or prairie lands, with openings and gates and bars therein, and farm crossings of the road for the use of the proprietors or owners of the lands adjoining such railroads, and also to construct and maintain cattle guards at all railroad crossings where fences are required as aforesaid, suitable and sufficient to prevent horses, mules and all other animals from getting on the railroad. Until such fences, openings and gates or bars, farm crossings or cattle guards shall be duly made and maintained, such corporation shall be liable in double the amount for all damages which shall be done by its agents, engines or cars, to horses, cattle, mules or other animals, on said road, or by reason of any horses, cattle, mules or other animals coming upon said lands, fields or inclosures, occasioned in either case by the failure to construct, or maintain such fences or cattle guards."

The defendant also objected to the last two instructions, and his objection being overruled he excepted.

The defendant then moved the court to instruct the jury as follows: "The court instructs the jury, 1st—that before they can find for the plaintiff they must find that at the time of the killing of the stock mentioned in plaintiff's petition, the plaintiff was the owner of said stock; 2nd—that the defendant was then a corporation in existence, and that the stock was killed by defendant's cars, locomotives or other carriages; 3rd—that plaintiff's stock was not struck in the public crossing; and 4th—that at the place they got on the track, if they got there, it was through the absence of cattle guards or fences."

This instruction being refused by the court the defendant excepted. The jury returned a verdict in favor of the plaintiff for four hundred and ten dollars, for which amount judgment was rendered by the court.

The defendant filed its several motions for a new trial and in arrest of the judgment, which being severally overruled

by the court, the defendant again excepted and appealed to this court.

The first point raised by the defendant in this court, is, that the statement filed by the plaintiff before the justice as a cause of action failed to state any cause of action upon which a recovery could be had.

We think that the cause of action was substantially good, as no technical pleadings are required to be filed in a justice's court. It is true that the statement fails to state in direct terms that the place on the road where the stock were killed, was not at a public road crossing, but it is inferable from the statements made; and this under our liberal practice, would be sufficient, after verdict, at least, in an action commenced before a justice of the peace.

The next error assigned is, that the Circuit Court erred in overruling the defendant's application for a continuance of the cause. The affidavit for a continuance is very informal, and although it states that the absent witness is in New York, and that the defendant had not ascertained that the witness was absent, until it was too late to take his deposition in time to be used on the trial; yet the affidavit fails to show at what time the facts were actually ascertained, or at what time the witness actually left or that any effort had been made to obtain the attendance of the witness at any time before the day of trial. For all that is stated in the affidavit, a subpœna would have secured the attendance of the witness if issued and served a few days before the day of trial. No facts are stated from which the court could see that any diligence had been used to obtain the presence of the witness or his evidence. We cannot say that the court abused its discretion in overruling the defendant's application for a continuance of the case.

It is next objected, that the court improperly instructed the jury of its own motion and at the request of the plaintiff, and improperly refused to instruct the jury as asked for by the defendant.

8—VOL. LVIII.

I see no objection to the instructions given by the court upon its own motion, except that the jury are instructed that the measure of damages, in the event of a recovery, is double the market value of the property at the time of the killing.

It has been frequently held by this court that in actions to recover treble damages under our statute concerning trespass, an instruction telling the jury that they should find treble damages was improper; that in such cases the jury should only find single damages, and that it was for the court to treble the damages if it was warranted to do so by the evidence. (Walther vs. Warren, 26 Mo., 143; Brewster vs. Link, 28 Mo., 147.)

That statute is, however, different from the statute under which this action is brought. The 4th section of the statute, concerning trespasses, provides, that if on the trial of any action brought upon the statute, it shall appear that the defendant had probable cause to believe that the land on which the trespass was committed, etc., was his own, the plaintiff shall receive only single damages and costs. It is held in the cases above referred to, that the jury should be instructed to find single damages only, and that it was for the court to treble the damages if it did not appear that the defendant had reasonable cause to believe that the property upon which the trespass had been committed was his own. In other words, that the question, whether the defendant had such reasonable cause to believe that the property upon which the trespass was committed was his own, was a question for the court and not for the jury.

The statute under which this action is brought has no provision authorizing a verdict and judgment for single damages, where the facts proved fail to make out a case for double damages. The fifth section of the act concerning "Damages and Contributions in Actions of Tort," (Wagn. Stat., 520,) furnishes a remedy for single damages for killing of stock by railroad companies. It may be doubted whether the same rule for the assessment of damages, in cases arising under the trespass act, would apply to actions brought under the 43rd

section of the Railroad Act; but the practice, so far as I know, has been for the court to instruct the jury to find single damages only, after which the court renders a judgment for double the damages found, and we think that this is the best practice and should be followed, although we might not reverse this judgment for that irregularity in the first instruction, if there were no other errors in the case.

The two instructions given by the court at the request of the plaintiff are, however, subject to a more serious objection. The first of these instructions is founded on the fifth section of the act concerning Damages and Contributions before referred to, which authorizes a recovery of single damages against railroad companies for an injury to stock upon their railroads, without any proof of negligence, if the stock is injured at a point on the road where it is not fenced; and this, whether the stock is injured at a point on the road where it is required to be fenced or not, except in places where it is wholly impracticable that the road should be fenced.

The second of these instructions seems to be founded on the 43rd section of the railroad law, where double damages may be recovered, if the injury takes place where the road is required by law to be fenced but is not fenced, etc., and which is the act under which this action is brought.

It is beyond any reasonable comprehension to see how it was thought to be proper to give these two instructions in the same case. The action could not be brought under both of these acts. It must have been brought under one or the other of the acts and ought to be tried under the act to which the facts of the case, as made in the petition and evidence, peculiarly apply.

To give instructions applicable to an act which could have nothing to do with the case made by the petition and evidence, and under which only single damages are recoverable, and at the same time to instruct the jury that they should find double damages if they should find that another state of facts existed, is, to say the least of it, calculated to confuse and mislead the jury; and although we may not be able to say

that the jury were really misled in this case, they may have been misled, and we do not think that it would be promotive of the ends of justice to tolerate such a loose and irregular practice in the trial courts of the country.

The judgment will be reversed and the cause remanded; the other judges concur.