N. A. ENGLISH *et al.* v. ELIZABETH WOODMAN *et al., as Executors, etc.*

DISTRICT COURT — *Jurisdiction — Presumption.* Where a judgment rendered by the district court under chapter 39, Laws of 1877, and a sheriff's deed founded thereon, and an admission of the parties that the files of the court are lost and cannot be found, are in evidence, they are sufficient, aided by the presumption that jurisdiction was rightfully assumed, to show jurisdiction to render the judgment, if nothing to the contrary is shown.

## Motion for Rehearing.

THE facts are substantially stated in *English v. Woodman,* ante, pp. 412, *et seq.* The plaintiffs in error filed a motion for a rehearing, which the court overruled at its session in April, 1889.

*Hatton & Ruggles,* for plaintiffs in error.
*Sluss & Stanley,* for defendants in error.

*Per Curiam:* The motion for a rehearing in this case must be overruled. (*Pritchard v. Madren,* 31 Kas. 39; same case, 2 Pac. Rep. 691; *English v. Woodman,* ante, p. 412; same case, 20 Pac. Rep. 262; *McGregor v. Morrow,* ante, p. 730; same case, 20 Pac. Rep.) The district court is a court of general and superior jurisdiction, and in any case where it has assumed to exercise jurisdiction it must be presumed that it did so rightfully, unless the contrary is shown. And this we think is true where the district court has assumed to exercise jurisdiction in a case brought under chapter 39 of the Laws of 1877, as well as where it has assumed to exercise jurisdiction in any other case. Now there was no evidence in the present case showing that the district court did not have jurisdiction in the case in question. On the contrary, it was shown presumptively that it had. A sheriff's deed, for instance, was introduced in evidence, and a sheriff's deed is presumptive evidence that all things necessary for its own validity, includ-

ing jurisdiction in the court to render the judgment upon which the sheriff's deed is founded, had at the proper time existed or taken place. (*Shields v. Miller*, 9 Kas. 390; *Bartlett v. Feeney*, 11 id. 594; *Pritchard v. Madren*, 31 id. 38, 52.) The judgment upon which the sheriff's deed was founded was also introduced in evidence, which also tended to show that the district court had jurisdiction. Other things were also introduced in evidence tending to show the same fact; and if anything was lacking which might have been introduced for this purpose, it was explained by the following admission of the parties, to wit:

"It was admitted by both plaintiff and defendants that the files of this court, upon which the judgment was rendered and deed offered by the plaintiff was executed, have been lost and cannot be found."

The motion for the rehearing will be overruled.