Joseph White, Appellant, v. John Brim, Respondent.

Kansas City Court of Appeals, February 8, 1892.

1. **Elections:** COMPOSITION OF CANVASSING BOARD: RESTRAINING ANIMALS. The returns of an election to restrain animals from running at large must be canvassed as returns of other elections, and the board of canvassers must consist of the county clerk and of two county judges, or two justices of the peace, and a board composed of the clerk and the judges of the county court is not a legal board, and its canvass is not a legal canvass.

2. **Strays:** TAKING UP IN AUGUST. Hogs cannot be taken up as strays in August.

*Appeal from Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED.

White v. Brim.

*Calvird & Lewis*, for appellant.

( 1 )  Defendant could not treat said hogs as strays and proceed under the stray law, for the reason that they were taken up in the month of August, and by section 8259, chapter 154, Revised Statutes, it is provided that "no person shall take up as a stray any unbroken animal between the first day of April and the first day of November." R. S. 1889, sec. 8259. ( 2 ) The result of the election held to vote upon the proposition to enforce the law restraining domestic animals from running at large in Henry county has never been legally determined. . *State v. Mackin*, 41 Mo. App. 99 ; *State v. Prather*, 41 Mo. App. 451 ; *State v. Searcy*, 39 Mo. App. 393.

No brief for respondent.

SMITH, P. J.—This was an action of replevin to recover ten head of hogs.   On the trial it was admitted that plaintiff was the owner of the hogs.   The defendant claimed that at the time the hogs were taken from him under the writ that they were restrained by him under authority of the .provisions of section 354, Revised Statutes, 1889, of which he had given the notice to plaintiff required by its terms.

The defendant to maintain the issue on his part offered in evidence the record of the county court of Henry county which recited that the " county clerk of Henry county proceeds in the presence and with the assistance of the judges of the county court of said Henry county to canvass the vote cast at the general election on the sixth day of November, 1888, on the question of enforcing the law to restrain horses, mules, cattle, swine, sheep and goats running at large," etc. The defendant adduced further evidence tending to show that the hogs in controversy were running at large

when taken up on his premises. There was other evidence introduced in the case, but which, for the purpose of a correct understanding of the ground upon which we shall decide the case, need not be set forth here. The judgment was for defendant, and to reverse which the plaintiff has appealed.

It is contended that the result of the election upon the proposition to enforce the provision of the statutes to restrain domestic animals from running at large had not been legally ascertained and determined. This question must be decided with reference to the statutes. Section 362, of article 2, chapter 5, entitled " Animals restrained from running at large," provides, at any such election, the voting thereat, making returns thereof and casting up the result shall be governed in all respects by the laws applicable to general elections for state and county purposes. Section 4684, article 1, Revised Statutes, 1889, concerning elections, provides "that the clerk of each county court shall, within five days after the close of each election, take to his assistance two justices of the peace of his county, or two judges of the county court, and examine and cast up the votes given to each candidate, and give to those having the highest number of votes certificates of election."

It appears from the record of the county court in evidence in this case that the board of canvassers provided by the law for ascertaining and determining the result of the election was not organized as expressly required by the statute just referred to. Instead of the board being composed of the county clerk, and two judges of the county court, or two justices of the peace, the record recites that it was composed of the county clerk and the judges of the county court, who are three in number. It follows that the result of the election has never been legally determined since the returns have not been canvassed nor the votes cast up and the result declared as required by the law, and, hence,

the result of the election has not been legally ascertained. A number of like rulings have been made by the court of appeals upon similar statutes which rulings we think are decisive of this case. *State v. Mackin*, 41 Mo. App. 99 ; *State v. Prather*, 41 Mo. App. 451 ; *State v. Searcy*, 39 Mo. App. 393.

The result of the election held to vote upon the question of the enforcing of the provisions of the act of March 27, 1883, for reasons already stated, not having been legally ascertained and determined it must be held that the defense interposed by the defendant failed, and that the action of the trial court in its finding and judgment for defendant was erroneous.

The evidence showed that defendant took up plaintiff's hogs in the month of August, which act was within the prohibition of section 8259, Revised Statutes, 1889, and that there was no statute then in force in Henry county which authorized him to take up or restrain the plaintiff's hogs. The judgment will, therefore, be reversed. All concur.