MICHAEL ROUSEY, Respondent, v. LEVI WOOD *et al.,* Appellants.

### Kansas City Court of Appeals, April 30, 1894.

1. **County Court:** TOWNSHIP ORGANIZATION: COMMON LAW. The common law gave the county court no authority to submit the question of township organization to the voters of the county.

Rousey v. Wood.

2. ——: ——: PETITION. Under the statute jurisdiction is conferred upon the county court to submit the question of township organization to the voters,"only when one hundred legal voters petition therefor, which petition is a condition precedent to jurisdiction in the court.

3. ——: ——: JURISDICTION: ORDER. If an assumption of authority is an assertion of jurisdiction and if the ordering of an election implies an adjudication that a proper petition was presented, still neither of these assumptions will avail when there is no order of the county court at all.

4. ——: ——: EVIDENCE OF ADOPTION. The statute requires the abstract of the vote cast on the adoption of township organization to be fully spread on the county court record and this is made *prima facie* evidence of the adoption of the law. But the certified copy of the original abstract without the exhibition of the order of the county court submitting the question of the adoption of the law, or a certified copy of the county court record which contains the abstract of the returns, is not *prima facie* evidence of the adoption of the law.

5. ——: ——: INTENDMENT IN FAVOR OF JURISDICTION. The familiar principle that nothing is taken by intendment in favor of the action of a court or tribunal of special or limited jurisdiction, but jurisdiction must appear by the recital of the record itself, is applicable to county courts in submitting the question of township organization to the voters.

6. ——: ——: EMINENT DOMAIN. The proceedings of township boards in condemnation proceedings of private property for public use for a public road, are *in invitum*, in.derogation of common law, are *strictissimi juris* and can receive no help from intendments, but any matter necessary to confer jurisdiction must appear on the face of the proceedings.

7. ——: ——: JURISDICTION: ROAD OVERSEER. In a case like this where a road overseer is seeking to justify his action under the order of the township board for the opening of a public road, the rule of no intendments in favor of·jurisdiction is inapplicable only when the record discloses jurisdiction in the board, and then every intendment and presumption may be invoked in favor of the validity of the proceeding.

8. ——: ——: CERTIFICATE OF SECRETARY OF STATE. Though a certified copy of the county court record showing the abstract of the returns of an election, on the adoption of township organization, which is required to be filed with the secretary of state, when certified by the secretary to have been so filed in his office, is *prima facie* evidence of the adoption of the law, yet a certificate of the secretary of state which purports upon its face to be no more than

the certificate of the abstract of the returns as appears on file in his office and not a certificate of the abstract specified upon the record of the county court, is not such certificate as makes a *prima facie* case of the adoption of the law.

9. ———: ———: ———. The adoption of township organization, however, may be shown by other evidence, though there be neither county court record of the abstract nor a certificate thereof in existence.

10. Officers: LIABILITY OF ROAD OVERSEER. A road overseer like any other officer with process in his hands, is bound to know the law and take notice that he has a valid writ, and if the court had no jurisdiction over the subject-matter, he is bound to know it. But the process, if sufficient in form and issued from a court or magistrate having jurisdiction of the subject-matter, protects the officer.

11. Trespass: DUTY OF JURY AS TO ASSESSMENT OF DAMAGES: INSTRUCTION. In an action founded on the statute to prevent trespasses, the jury can only assess single damages and in a proper case the court only can double that, and an instruction authorizing the jury on certain hypotheses to double or treble the damages is erroneous.

12. ———: ———: ———. In an action for trespass an instruction telling the jury if defendants' entry on plaintiff's land was under an honest belief that he had a right to do so for the purpose of opening a new public road, and not for the purpose of doing an intentional wrong, the jury should find single damages only, is erroneous in this case, since if defendants failed in their defense, then there was no evidence of the probable cause which would restrict plaintiff to recovery of single damages.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

*Kendall B. Randolph* for appellants.

(1) The order of the township board directed to Levi Wood directing him to open the road should have been submitted to the jury. The order required by section 8549, Revised Statutes, 1889, is the only order with which the road overseer has to deal. Light is thrown on these sections and their proper interpretation is facilitated by an examination of the road law

as it applies to counties not under township organization. See R. S. 1889, secs. 7798, 7799, 7800. (2) If this order is sufficient, as an order to the road overseer, then it was the court's duty to have sustained the demurrer to the evidence. A ministerial officer will not be held responsible for executing the mandate of a court having power to issue it, and if the process is fair on its face, it is not his duty to inquire as to the regularity of the proceedings on which the writ is based. *Savacool v. Boughton*, 5 Wendall (N. Y.), 170; *Brown v. Harris*, 52 Mo. 306; *McDonald v. Leffingwell*, 8 Mo. App. 234; *Dunbar v. Weightman*, 51 Mo. 432; *Melcher v. Scruggs*, 72 Mo. 406; *Howard v. Clark*, 43 Mo. 348; *Walker v. Likens*, 24 Mo. 298; *Wyatt v. Thomas*, 29 Mo. 23. (3) The evidence concerning the adoption of township organization was sufficient, as the original abstract of the votes and certificates of the judges and clerk were introduced, together with a certified copy of the certificate on file in the office of the secretary of state. (4) The first instruction given for the plaintiff is erroneous, for the reason that it tells the jury to assess the damages at three times the value of the property injured, cut down or destroyed. It is well settled in this state that in cases of trespass under the statutes the jury assess the actual damage, and it is the duty of the court to treble the amount of the verdict when the circumstances justify it. *Brewster v. Link*, 28 Mo. 147, and cases cited. The same objection applies to the second instruction, as it tells the jury to assess double the damage sustained.

*S. G. Loring* for respondent.

(1) The court committed no error in excluding from the jury the two pretended orders found upon pages 12 and 13 of the appellants' abstract. There

was no evidence in the case that township organization had ever been adopted in DeKalb county. The law nowhere makes the pretended abstract found upon page 7 of appellants' abstract, even if it had been recorded upon the record of the county court (of which there is not a particle of evidence), evidence of that fact. It was simply the enumeration and casting up of the votes as required by section 5506 of Revised Statutes of 1879. It is upon this enumeration and casting up that the county clerk shall cause to be made the abstract contemplated by section 7431 of said statutes, and it is this abstract, duly certified, that is to be recorded at length upon the records of the county court. *Rousey v. Wood et al.*, 47 Mo. App. 468; *State v. Searcy*, 46 Mo. App. 421; *White v. Brem*, 48 Mo. App. 113. It is the records of the county court that show whether or not DeKalb county is under township organization, and it is the certified copy of said record when introduced in evidence that makes out a *prima facie* case. *State v. Searcy, supra; In re Rothwell*, 44 Mo. App. 219; *State v. Mackin*, 51 Mo. App. 307. The pretended abstract on page 8 of appellants' brief, is no evidence that DeKalb county had adopted township organization. *First.* Because it is only a certified copy of the records of the county court that the law makes *prima facie* evidence. *Second.* Because there is no law that makes the original abstract, much less the copy of the secretary of state, *prima facie* evidence of the adoption of township organization. *Third.* Because there is no evidence that an abstract contemplated by section 7431, *supra*, certified as in elections of state and county officers, was ever made out or recorded at length or otherwise upon the records of the county court. *Fourth.* Because under the law the clerk has no power to make out and send to the secretary of state any abstract, except the one provided by said section. *Fifth.* Because

the certificate attached to said abstract is not the cer-
tificate contemplated by law.   Said certificate nowhere
recites that said abstract was an abstract of the votes
as shown by the returns "made to my office by the
judges and clerks of election of the different voting pre-
cincts in said county," but merely says, "as the same
appears from the returns on file in my office;" but from
what returns he made the abstract he does not choose
to disclose.   The court committed no error in overrul-
ing defendant's demurrer to plaintiff's evidence.  Plain-
tiff's cause of action is confessed by defendants.   The
court committed no error in giving the four instructions
prayed for by plaintiff.

SMITH, P. J.—This is an action based on sections
8675 and 8676, Revised Statutes, to recover damages.

The answer was that at the general election legally
held on the Tuesday after the first Monday in Novem-
ber, 1880, in the county of DeKalb, the question of
township organization was submitted to the qualified
voters of said county under and pursuant to the pro-
visions of chapter 162, Revised Statutes, 1879, at which
election the majority of the legal voters of said county
voting at said election for and against township organ-
ization, were for such organization, and the returns of
said election were in accordance with the statute in
such cases made and provided, duly certified, returned
and cast up and the result of said election entered upon
the records of the county court of said county,
and all due proceedings were had, and that said town-
ship of Dallas, in said county, was thereafter duly
organized and became subject to the provisions of said
chapter 162, Revised Statutes.   The answer further
pleaded that the defendant, Levi Wood, was duly
appointed road overseer by the said township board and
that while so being, the said board by its order of

record declared to be a public highway a certain strip of land therein described, and directed defendant to open same. It sets forth further, the steps taken by defendant under said order, and alleges that defendant as such overseer, entered upon the land described in plaintiff's petition under said order, and performed the acts of which plaintiff complains, etc.

The replication denied that there had been an election, legal or otherwise, held at the time stated in the answer, submitting to the qualified voters of the said county the question of township organization therein, and specially denied every affirmative allegation of the answer. There was a trial and judgment for plaintiff, and defendants appealed.

The principal ground of error relied upon by the defendants for a reversal of the judgment, is the action of the trial court in rejecting their offer in evidence of the order of the township board declaring the land described in their answer to be a public highway, and also the order directing the defendant, Levi Wood, as road overseer, to open the said highway. It is plaintiff's contention in support of the action of the trial court, that the township board had no jurisdiction of the subject-matter of the order, and, therefore, the same afforded the defendants no protection. The proceedings of the township board which defendants pleaded in justification of the alleged trespass, involved the exercise of the right of eminent domain—the taking of private property for public use. R. S., secs. 8549, 8550.

It is suggested by the plaintiff that the defendants did not offer in evidence any record of the county court showing an order for the submission to the voters of the county, the question of township organization as required by section 7430, Revised Statutes, 1879, nor that the abstract of the returns of said election was

spread at length upon the records of the county court of the county as required by section 7431. Nor did they offer to further show that the clerk of said county court had certified to the secretary of state a copy of said county court record containing the abstract of the returns of said election as required by the section of the statute last cited.

The common law gave the county court no authority to submit the question of township organization to the voters of the county. By reference to the statute, already referred to, it is seen that this jurisdiction is conferred by its provisions only when one hundred legal voters petition therefor. The petition is a condition precedent to the vesting of the jurisdiction in that tribunal to order the submission. Nothing of the kind was shown in the case.

It has been ruled elsewhere that the assumption of authority is an assertion of jurisdiction without any formal statement of the facts essential to give jurisdiction. *Osborn v. Luther*, 108 Ind. 443. And it may be that the ordering of the election was an implied adjudication that there was filed a proper petition praying for the election to be held. *Young v. Wells*, 97 Ind. 410; *English v. Woodman*, 40 Kan. 752.

But the difficulty here is that there is no order at all. But if we go to the extent of inferring from the abstract of the returns on file in the office of the clerk of the county court that the county court did lawfully submit the question of the township organization law to the voters of the county, yet have we any evidence of the adoption of the same? What is the evidence of its adoption? Does the bare abstract alone of the vote cast at a general election on that question, prove it? The statute, as we have already stated, requires the abstract of the vote cast to be fully spread on the county court records, which, we take it, is made evidence

of the adoption of the law. This view is sustained by the construction of the local option cases where a similar statute was passed upon. *State v. Searcy*, 39 Mo. App. 393; *State v. Searcy*, 46 Mo. App. 421; *In re Rothwell*, 44 Mo. App. 219; *State v. Mackin*, 51 Mo. App. 307; *White v. Brown*, 48 Mo. App. 113; *State ex rel. v. Matherby*, 45 Mo. 16.

In these cases it was held that a certified copy of the abstract spread upon the records of the county court was *prima facie* evidence at least, that the law had been adopted. And no reason is perceived why a like rule may not appropriately apply in a case of this kind. But to hold that the original abstract of the vote as certified to by the clerk, without the exhibition of either the order of the county court submitting the question of the adoption of the law, or a certified copy of the county court record which contains the abstract of the returns, is *prima facie* evidence of the adoption of the law, it seems to us is going farther than we are authorized to go by the ruling made in any case to which our attention has been called. And especially so in view of the familiar principle that nothing is taken by intendment in favor of the action of a court or tribunal of special or limited jurisdiction, but it must appear by the recitals of the record itself that such facts existed which authorized the court or tribunal to act and that it has kept within the limits of its lawful authority.

And not only this, but the proceedings of the township board that are drawn in question in this case are *in invitum*, in derogation of the common law as has already been stated and for that reason must be regarded as *strictissimi juris*, and can receive no help from intendments or implications. *Railroad v. Young*, 96 Mo. 39, and the cases there cited; *City of Hopkins v. Railroad*, 79 Mo. 98.

It has been repeatedly ruled in this state, that in a

proceeding for the condemnation of private property for public use, every matter necessary to confer jurisdiction must appear on the face of the proceedings, otherwise the same will be void. *Zimmerman v. Snowdon*, 88 Mo. 218; *Railroad v. Leeright*, 113 Mo. 660; *Cory v. Railroad*, 100 Mo. 282; *Railroad v. Young*, 96 Mo. 39.

In a case like this where a road overseer is seeking to justify his action under the order of the township board for the opening of a public road, the rule just stated is, as indicated by us when this case was here on a former occasion—46 Mo. App. 460—inapplicable beyond the point where the record discloses jurisdiction in the board to make the orders relied on.

If jurisdiction is once shown, then every intendment and presumption may be invoked in favor of validity. *Walker v. Likens*, 24 Mo. 298; *Douglass v. Stephens*, 18 Mo. 358. But in determining whether the record shows jurisdiction no such intendment or presumption is available to uphold the proceeding in condemnation cases of this nature.

If it be contended that the certified copy of the county court showing the abstract of the returns of the election, which is required to be filed with the secretary of state, is certified by the latter officer to have been so filed in his office, is *prima facie* evidence of the adoption of the law, then the certificate of the secretary of state introduced in evidence by defendants was not such certificate. It purports upon its face to be no more than the certificate of the abstract of the returns "as appears on file in my office," and not a certificate of the abstract spread upon the records of the county court. There is no authority in the law itself for the making and filing of such a certificate. There was in that respect an obvious neglect of the statutory requirement.

It inevitably follows from these considerations that there was no sufficient foundation laid to justify the introduction in evidence of the orders of the township board, which were offered by defendants; or, in other words, such orders were primarily inadmissible to prove the allegations of the answer. Whether the record of the county court containing the abstract of the returns of the election, or the certificate of the secretary of state is *prima facie* evidence of the adoption of the law, the result is the same, since neither was offered in evidence.

We are not to be understood as holding that, if there be neither such record nor certificate in existence the adoption of the law may not be shown by other evidence. So far as this case is concerned, the evidence adduced does not show that the township organization law was adopted, and therefore we must hold that the township board was without jurisdiction to make the orders upon which defendants rest their defense.

If the rule of liability applicable to an officer who has received an execution is applicable to road overseers, which we think to be the case, then the law must be as we have already stated. A sheriff, it has been ruled, is bound to know the law and to take notice that he has a valid writ. *Milburn v. Gilman*, 11 Mo. 68. If the court had no jurisdiction over the subject-matter the officer is bound to know it, and the execution issued upon such judgment is no protection. *Melcher v. Scruggs*, 72 Mo. 406, and authorities cited in 46 Mo. App. 460.

It is well settled law that if a justice of the peace has jurisdiction of the subject-matter the officer to whom the process is directed is not bound to examine into the validity of such process. The general principle is that executive officers, bound by the law to serve legal writs and processes, are protected in the

rightful discharge of their duty if those precepts are sufficient in point of form and issue from a court or magistrate having jurisdiction of the subject-matter. *Melcher v. Scruggs, supra; Howard v. Clark*, 43 Mo. 348.

The order of the township board in the present case is sufficiently regular in form and substance and therefore the defendants' exceptions to what was said by us in the opinion, when the case was here before, in pointing out the defects in the order of the township board then in the record, need not be noticed here.

This action was founded on the statute to prevent certain trespasses—chapter 165, Revised Statutes—the jury could only assess single damages, and if a proper case was made out for trebling the damages it could only be done by the court. *Walther v. Warner*, 26 Mo. 148; *Brewster v. Link*, 28 Mo. 145; *Wood v. Railroad*, 58 Mo. 109. The court, by instructions numbers 1 and 2 given for plaintiff, embraced in their respective hypotheses the actionable facts alleged in each count of the petition, but in the first told the jury if they found for the plaintiff to assess his damages at *three times* the *value of the property* injured, and the third further told them if they found for the plaintiff to assess the damages at double the amount the plaintiff had sustained with $5 added to that amount. According to the rule already stated, these instructions were erroneous in this regard.

The plaintiff's fourth instruction was unnecessary for the enlightenment of the minds of the jury as to any duty they were called upon to perform and should not have been given.

The fifth instruction given by the court on its own motion, which informed the jury that if the defendants' alleged entry on plaintiff's land was under an honest belief that they had a right to do so for the purpose

of opening a new public road and not for the purpose of doing an intentional wrong, then they should find single damages only for plaintiff. It is not perceived that the rule declared in this instruction has any place in the case. If the defendants made out the defense pleaded, they were not liable and, if they did not, then they were.

If the court meant by this instruction that if defendants had probable cause to believe the land on which the alleged trespass was committed was their own, it was improper because there was no evidence on which to base it. If the defendants failed to make good the defense in their answer, then there was not shown by the evidence that probable cause which would restrict plaintiff to the recovery of single damages as provided by the statute, section 8678.

On account of errors in the instructions to which we have alluded, the judgment must be reversed and cause remanded. All concur.