MICHAEL ROUSEY, Appellant, v. LEVI WOOD *et al.,*
Respondents.

Kansas City Court of Appeals, November 18, 1895.

1. **Township Organization**: PETITION FOR SUBMISSION: FINDING OF
COUNTY COURT: EVIDENCE.   The county court has jurisdiction of the
subject-matter of the submission of a question of township organiza-
tion to the voters, and its determination of the facts in the petition
for such submission is conclusive; and its order for an election based
upon such finding is admissible in evidence on the question of the
existence of township organization in the county.

2. ———: CANVASSING RETURNS OF ELECTION: CERTIFICATE OF COUNTY
CLERK.   While the general practice is that the county clerk makes a
certificate to the abstract of votes as made and determined by the
canvassing board, the fact that the other members of the board join
with him in making such certificate will not render it nugatory.

3. ———: RETURNS OF ELECTION: PRIMARY EVIDENCE: NEGLECT OF
CLERK.   Though the clerk neglect to make and publish an abstract of
the returns for the adoption of township organization, such neglect
can not have the effect to suspend the operation of the law adopted by
the majority of the voters, since the statute makes the returns of the
election primary evidence.

4. ———: JURISDICTION OF BOARD: PRESUMPTION.   Where it is once
shown that the township board has jurisdiction to open a public high-
way, then every intendment and presumption may be invoked in
favor of its proceedings.

5. **Res Adjudicata**: FORMER APPEAL.   Questions raised and passed
upon on a former appeal must be considered *res adjudicata* on a sub-
sequent appeal.

*Appeal from the De Kalb Circuit Court.*—HON. WM. S.
HERNDON, Judge.

AFFIRMED.

*S. G. Loring* for appellant.

(1) Nothing is taken by intendment in favor of the
jurisdiction of inferior tribunals.   The said petition of

H. W. Haynes *et al.*, and said order of the county court, were incompetent evidence in this case. *Jefferson County v. Cowen*, 54 Mo. 238; *Smith v. Howarth*, 53 Mo. 89; *Schell v. Leland*, 45 Mo. 289; *Howard v. Heck*, 88 Mo. 461. (2) The court erred in admitting in evidence the following, viz.: The casting up of the votes for and against township organization at the general election in November, 1880, as certified to by George J. Taylor and H. C. Burnham as judges, and attested by John F. Clark, county clerk; the pretended record of the county court entered of record May 6, 1894. *State v. Searcy*, 111 Mo. 236; 6 Am. and Eng. Encyclopedia of Law, bottom pages 373, 377, 379. (3) The court erred in admitting in evidence the paper purporting to be an order to defendant Wood to open a public road, and refusing the seventh instruction prayed for by plaintiff. As there was no evidence that said county had organized under, and was subject to, said chapter 162, there could be no such tribunal as the "township board of directors of Dallas township;" as there is no such office in law there could be no such officers *de facto*. *Jester v. Spurgeon*, 27 Mo. App. 477. (4) Neither will it be claimed here that any petition was ever presented to the township board of said township for a public road over plaintiff's land, as required by section 28, page 206, laws of 1883, or that any notice was given as required by section 29 of said act, so that said board had no actual jurisdiction over the subject-matter. *Williams v. Monroe*, 125 Mo. 586; *Whitely v. Platte County*, 73 Mo. 31; Lewis on Eminent Domain, secs. 602, 603, 604; *City of St. Louis v. Gleason*, 93 Mo. 38; *Rousey v. Wood*, 57 Mo. App. 659. (5) The defendant Wood was bound to know the law, and when the pretended township board issued said order to him, he was bound to examine into the authority of said board to issue that particular process, and is liable for executing

it, if the board had no authority to issue it. *Railroad v. Raynolds*, 89 Mo. 146; *Railroad v. Lowder*, 59 Mo. App. 5; *State v. Hocklett*, 37 Mo. 285; *Patrick v. Van Gerich*, 10 Mo. App. 429; Freeman on Judgments [3 Ed.], secs. 117, 118; Lewis on Eminent Domain, sec. 649; 26 Am. and Eng. Encyclopedia of Law, bottom page 596; *Caldwell v. Evans*, 85 Ill. 170; *O'Donald v. Muller*, 67 Am. Dec. 458; *Rousey v. Wood*, 47 Mo. App. 472; Cooley on Torts, p. 459; Freeman on Judgments, *supra*, sec. 529; Constitution of the State of Missouri, art. 6, sec. 38; R. S. 1879, chap. 73, sec. 4038; 19 Am. and Eng. Encyclopedia of Law, bottom p. 222; Freeman on Judgments [3 Ed.], sec. 529; *Low v. E. Key*, 82 Mo. 286; Lewis on Eminent Domain, sec. 649; *Caldwell v. Evans, supra; Guplait v. Teft*, 16 Ill. 365; Freeman on Executions [2 Ed.], sec. 20.

*Kendall B. Randolph* for respondent.

(1) The last decision of this court is reported in 57 Mo. App. 650. In the said opinion, page 661, this court say: "The order of the township board in the present case is sufficiently regular in form and substance." * * * In consequence of which that opinion is *res adjudicata* as to every point in this record, except the one question as to the adoption of township organization. *Gwin v. Waggoner*, 116 Mo. 143; *Overall v. Ellis*, 38 Mo. App. 209; *Stevenson v. Edwards*, 98 Mo. 622. (2) Every requisite of the statute for the adoption of township organization was complied with, except that the clerk of the county court, after the vote had been taken and the people of the county had adopted the law, failed to do his duty by recording the vote, etc. Then followed the original abstract of the vote, and the certified copy of the record from the secretary of state. The circuit court held this evidence to

be sufficient, and we submit that it fully establishes the fact and was sufficient on which to base the introduction in evidence of the orders of the township board. *State ex rel. v. Weatherby*, 45 Mo. 17; R. S. 1889, secs. 8424, 8427 inclusive; *Snoddy v. Pettis County*, 45 Mo. 361; *State ex rel. v. Young*, 84 Mo. 90; *Riggin v. O'Brien*, 34 Mo. App. 613; *State v. Searcy*, 39 Mo. App. 393; *State v. Searcy*, 46 Mo. App. 421; *In re Rathwell*, 44 Mo. App. 219; *State v. Mackin*, 51 Mo. App. 307; *White v. Brown*, 48 Mo. App. 113. I think that under this section, 8427, the only evidence necessary to establish the adoption of township organization is to show that a majority of the legal voters voting at the election, voted for the adoption of the township organization law, and this fact is surely conclusively shown by the original abstract of the vote.

SMITH, P. J.—This case was here by appeal on two former occasions and is reported in 47 Mo. App. 471, and in 57 Mo. App. 650, where a full statement of it will be found. No further statement is needed to understand the questions which we shall presently consider. The principal question which we are now called upon to decide is whether the evidence adduced shows that the township organization law was adopted in De Kalb county. According to the construction of an analogous statute in the local option cases, most of which were cited in the last preceding opinion in this case, it would seem that a certified copy of the abstract of the returns of the election recorded at length upon the records of the county court, as required by section 7431, Revised Statutes, 1879, would be *prima facie* evidence of the adoption of the township organization law. But here it does not appear that the clerk performed the duty enjoined upon him by the last cited section, or, if so, not until after the commission of the grievances

of which plaintiff complains. But, can the adoption of the township organization law be shown in no other way than by the production of a copy of the county court record of the abstract of the returns of the election required by the statute to be made and recorded by the clerk of the county court?

In the present case the defendant introduced a certified copy of the order of the county court, which is as follows, viz.:

"Monday, August 2, 1880.    ⎫
"H. W. Haynes et al., Ex parte. ⎬

"Now comes H. W. Haynes, and presents to the court here his petition and application, praying the court to cause to be submitted to the qualified voters of De Kalb county, at the next general election, the question of township organization, and the said matter being submitted to the court, and by the court seen and heard, and it appearing to the satisfaction of the court that said petition is signed by more than one hundred voters of said county, it is therefore hereby ordered by the court that there shall be submitted to the voters of the county, at the next general election to be held at the several voting precincts in said county, on the second day of November, 1880, the question of township organization, by ballot, to be written or printed, 'for township organization,' or 'against township organization,' to be canvassed and returned in like manner as votes for state and county offices."

Section 7429, Revised Statutes, 1879, provided that at any general election that might be held in this state, the qualified voters in any county might vote for or against township organization. The next section (7430) provided that the county court, on petition of one hundred legal voters of said county, should cause to be submitted to the voters of the county the question of township organization by ballot.

By recurring to the order of the county court already quoted, it will be observed that the court making the same found every essential fact that was necessary to authorize it to order the election.   As the county court under the statute had jurisdiction of the subject-matter of the submission to the qualified voters of the county, on the petition of one hundred legal voters thereof, the question of township organization by ballot, its determination of the facts found by it, as recited in its order, was conclusive.   The order directing the election to be held is conclusive evidence that the petition upon which it was made was signed by one hundred legal voters of the county.   And to this extent, we think, the adjudged cases in this state go. *State ex rel. v. Weatherby*, 45 Mo. 17; *Snoddy v. Pettis Co.*, 45 Mo. 361; *State ex rel. v. Young*, 84 Mo. 90; *Riggin v. O'Brien*, 34 Mo. App. 613; *State v. Searcy*, 39 Mo. App. 393; *State v. Searcy*, 46 Mo. App. 421; *In re Rahwell*, 44 Mo. App. 219; *State v. Mackin*, 51 Mo. App. 307; *White v. Brown*, 48 Mo. App. 113.   We therefore conclude that the trial court did not err in permitting the introduction in evidence of said order of the county court, for the purpose of showing that an election had been ordered submitting the question of township organization to the voters of De Kalb county.

The defendant, over the plaintiff's objection, was permitted to further introduce the original abstract and certificate of the result of the casting up of the votes polled at the general election held on November 2, 1880, as ascertained by the clerk of the county court and two judges thereof.   This abstract shows the number of votes cast at said election, at the several precincts, naming them, in the county, for the various officers and also for and against the adoption of the

township organization. It appears therefrom that the aggregate vote so cast for township organization was one thousand, six hundred and thirty-two and against it, seven hundred and eighty-three.

To this abstract is appended the following certificate, to wit:

"STATE OF MISSOURI, \
"County of De Kalb. } ss.

"We, John F. Clark, clerk of the county court of the county of De Kalb, and Geo. J. Taylor and Henry C. Burnham, judges of the county court, do hereby certify that the above and foregoing is a true, correct and complete abstract of all the votes cast in said county, at a general election held on the second day of November, A. D. 1880, as shown by the returns made to my office by the judges and clerks of election of the different voting precincts in said county.

"In witness whereof we have hereunto set our hands at county clerk's office in Maysville, this the fourth day of November, A. D. 1880.

[SEAL]                    "JOHN F. CLARK,
                 "Clerk of the County Court,
                 "GEORGE J. TAYLOR,
                 "H. C. BURNHAM, Judges."

Section 7430, Revised Statutes, 1879, provides that the question of township organization shall be submitted to the voters of the county by ballot, *to be canvassed and returned in like manner as votes for state and county officers.*

By turning to section 5506, Revised Statutes, 1879, we find it is therein provided that the clerk of each county court shall, within five days after the close of each election, take to his assistance two justices of the peace of his county, or two judges of the county court, and examine and cast up the votes given to each can-

didate and give to those having the highest number of votes certificates of election.

This section, by force of section 7430, *supra*, is as much a part of the statute relating to township organization, as if bodily incorporated among its provisions. The certificate made by the clerk of the county court in which the two judges of the county court joined, shows that the foregoing is a true, correct, and complete abstract of all the votes cast in said county at said election, as shown by the returns made to the office of said clerk, by the judges and clerks of election at the different voting precincts in said county.

The general practice prevailing through the state is that the clerk makes the certificate, stating therein that he took to his assistance the two justices of the peace, or two judges of the county court, as the case may be, and examined and cast up the votes given for each candidate; but we do not think that if the two officers taken by the clerk to his assistance join in signing the certificate, this fact would render the certificate nugatory.

The abstract made by the canvassing board shows the number of votes cast at the election for and against township organization in the several voting precincts of the county. To this abstract they added their certificate, declaring that their abstract was a true, correct, and complete one, as appeared by the returns made by the judges and clerks of the election, on file in the office of the county clerk. This, we think, was a substantial compliance with the requirements of the statute. It not only shows that an election was held, but that, by the returns thereof, a majority of the voters of the county voting at said election for and against township organization, voted for such organization.

Section 7432, Revised Statutes, 1879, provides that when the facts just stated appear from the returns, the

county so voting in favor of its (township organization) adoption, shall be governed by and subject to the provisions of that chapter (162, Revised Statutes, 1879).

But it is contended that, notwithstanding it may appear that a valid election was held, submitting the question of township organization to the voters of the county, and that it appears from the abstract of the returns thereof, made by the canvassing board, that a majority of the voters of the county voting at said election for and against township organization voted in favor of its adoption, still the county did not become subject to the provisions of said chapter 162, since it did not appear further that the clerk of the county court performed the duties required of him by section 7431, Revised Statutes, 1879. He was required by this section to cause an abstract of the returns of the election to be made out and certified as in elections for state and county officers, record the same at length upon the records of the county court of the county, and certify the same to the secretary of state. As already stated, a duly certified copy of this record of the county court would, no doubt, be *prima facie* evidence of the adoption of the township organization provided by chapter 162, Revised Statutes, 1879, still we do not think it is the only evidence of its adoption. Section 7432, as we have previously stated, provides in express terms that if it *appears from the returns* of the election that a majority of the voters, voting at said election, were in favor of the adoption of township organization, the county should be governed by and subject to the provisions of said chapter 162.

The statute itself, in effect, makes the returns of the election primary evidence of the adoption of the township organization. Whether the clerk of the county court neglected the performance of the duty enjoined upon him by section 7311, or not, can not

have the effect to suspend the operation of the law previously adopted by a majority of the voters voting at the election, as appears by the returns of that election, as made and certified by the board of canvassers.

We are therefore of the opinion that the trial court did not err in permitting the introduction of the abstract of the returns of the election for the purpose of showing that an election had been held in pursuance of the previous order of the county court, and that it resulted in the adoption of the township organization. It must follow as a necessary legal sequence that the record discloses a sufficient foundation to justify the introduction in evidence of the orders of the township board, declaring the land described in the answer to be a public highway, and also that directing defendant Wood, as road overseer, to open said highway. As was said in the opinion delivered by us on the second appeal in this case, if jurisdiction is once shown, then every intendment and presumption may be invoked in favor of validity.

Numerous objections are uged to the regularity and sufficiency of the orders of the township board. Substantially the same objections were called to our attention in the last preceding appeal, when, in disposing of the same, it was said by us, that "the order of the township board in the present case is sufficiently regular in form and substance."

The questions raised by the defendant's objections so made must therefore be considered as *res adjudicata* on the present appeal. *Gwynn v. Waggoner*, 116 Mo. 143; *Stevenson v. Edwards*, 98 Mo. 622; *Overall v. Ellis*, 38 Mo. App. 209.

There are several other minor points suggested by plaintiff's industrious and persistent counsel, but all the questions decisive of the case have been touched upon

and decided, either in the present opinion, or in one of the former ones; so that it follows that the judgment of the circuit court must be affirmed. All concur.