JAMES F. PITT, Respondent, v. THOMAS DANIEL, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Trespass: PLEADING: TREBLE DAMAGES: COMMON LAW.**
A complaint for trespass alleging that the defendant without leave entered, etc., and carried away, etc., states an action at common law and not under the statute since it omits the allegations that the defendant had no "interest in the goods" and that he entered upon land "not his own," and it is error to treble the damages on the verdict.

2. ———: **EVIDENCE: INTENTIONAL WRONG.** In an action of trespass under the statute for treble damages, evidence tending to show that the alleged trespass was committed under belief of right is admissible not to defeat a recovery but for the consideration of the court on the trebling of damages.

3. ———: **ROAD OVERSEER: EVIDENCE.** While a road overseer may take stones out of the road for its repair and call persons to his aid for that purpose, neither he nor his hands can appropriate such stones to private use; but a hand sued in trespass for the appropriation of such stone may show in evidence the order of the overseer to prevent the trebling of damages by the court under the statute.

Appeal from the Platte Circuit Court.—*Hon. W. S. Herndon,* Judge.

REVERSED AND REMANDED *(with directions).*

*George W. Day* and *Francis M. Wilson* for appellant.

(1)   In actions to recover treble damages, under section 8675, Revised Statutes, the trial court must not ignore, either in the reception of evidence or the giving of instructions, the provision of section 8678; and if it does, and then enters judgment for treble the damage, it will be error.   Holliday v. Jackson, 21 Mo. App. 660; Austin v. Coal & Mining Co., 72 Mo. 535, 547; Schmidt v. Densmore, 42 Mo. 225; Lindell v. Railroad, 36 Mo. 545.   (2)   Owing to the highly penal

character of this action, the same rules apply as if defendant stood charged with the crime of trespass, and "the statute was never intended to apply to a case like this, punishing a party criminally for acting upon a mistaken view of his legal rights." State v. Newkirk, 49 Mo. 85.

*John W. Coots* for respondent.

(1) Defendant knew the road overseer was not the owner. He applied to that official in his official capacity, and undertook to determine as a matter of law that a license from him was sufficient. Nothing can be proved to show probable cause which if true would not constitute a complete defense. No state of facts which the defendant must know would not constitute him the owner, will give him probable cause to believe that he is the owner. Rousey v. Wood, 57 Mo. App. 650; Ray v. Thompson, 26 Mo. App. 431.

SMITH, P. J.—This is an action of trespass. The petition alleged that the plaintiff was the owner of a certain quarter section of land and that the defendant, "without leave entered upon said premises and dug up and carried away stone of the value, etc., to his damage, etc.," wherefore plaintiff prays judgment, "as in such cases by statute provided." The answer was a general denial. There was a trial by jury, which resulted in a verdict for plaintiff for fifty ($50) dollars. The court, on the motion of plaintiff trebled the damages and gave judgment accordingly; and the defendant appealed.

The complaint of the defendant is of the action of the trial court in trebling the damages. If the action of the court in that behalf was proper the judgment must stand; if not, it must be reversed. Does the petition state a cause of action based on section 8675 Revised Statutes, as amended by act of 1893 (Sess. Acts, 1893, p. 264), or at common law? If the former, the amount of the verdict was rightly trebled; and if the latter, it was not.

Said section 8675 provides that, if any person shall carry away any stone, etc.; in which he has no interest or right, being on land not his own, he shall pay to the party injured treble the value of the thing so carried away. The petition here does not allege that the defendant had no interest or right in the thing carried away; nor that it was on land not his own. But a reference is made to the statute in the prayer for judgment. No facts are stated in the body of the petition which indicates that the pleader intended to state a cause of action on the statute. A common law action is stated, with a prayer for judgment under the statute.

Walther v. Warner, 26 Mo. 143, was where the petition stated a cause of action on the statute, but made no reference to the statute in the conclusion or prayer for judgment. The circuit court refused to treble the amount of the verdict and this ruling was sustained by the reviewing court. Judge Napton, in delivering the opinion of the court in the case, took occasion to say that the "general scope and object of the new code is certainly to do away with mere formalities, but at the same time it is very far from the purpose of this law to encourage or tolerate general, indefinite and vague allegations. The spirit of this code is to make pleadings more special than before. The plaintiff is required to state his cause of action and the relief to which he supposes himself entitled, so that the adverse party and the court may know with certainty what he complains of and what relief he wants."

In Lowe v. Harrison, 8 Mo. 351, the declaration contained two counts at common law and two that concluded *contra formam statuti*. The allegations of all the counts were the same, except two of them in the conclusion referred to the statute. Judge Scott, who delivered the opinion, remarked: "Should not the plaintiff have employed in his declaration the words used in the act, in order to bring the offense within its terms, viz.: That the defendant had no interest or right in the property taken away, and that it was on land not his own?

Pitt v. Daniel.

If these words are discarded in declarations under the statute, then the only difference between a statutory count and one at common law is, that the one concludes *contra formam statuti* and the other does not." In Hewitt v. Harvey, 46 Mo. 368, where the petition stated that the defendant, without leave, entered upon land of which plaintiff was owner and cut down and carried away trees growing thereon, of the value of $400, whereby plaintiff was damaged $500, and prayed for $1,500, three times the amount, Judge Wagner said, that, "under the code the plaintiff is required to state his cause of action in plain and precise terms, so that there can be no misapprehension as to what he complains of and what relief he demands. The petition does not state that the defendant had no right or interest in the timber cut and carried away, nor that it was taken from land not his own. No facts are stated which, according to the rules of good pleading, bring the case within the provisions of the statute. The petition is sufficient to give a common law right of action, but is not good under the statute."

Kennayde v. Railway, 45 Mo. 255, was an action based on what is commonly called the "Double Damage Act," where all the facts essential to support the action were alleged, but no reference was made to the statute itself. It was held that as the petition set forth the facts which constituted a statutory cause of action, and appeared to have been expressly framed on the statute, it was sufficient without referring to the statute. White v. Maxey, 64 Mo. 552, was where the petition stated facts which brought the case within the second section of the "Damage Act," but made no reference to it.

It was said that the first three of the cases hereinbefore referred to are not considered irreconcilable with Kennayde v. Railway, *supra*, for the former were actions for penalties claimed under special statutory provisions where some reference must be made to the statute, for without which no such claim could be made; but in the Kennayde case and the one

then before the court the statute gave a cause of action to parties who, by the common law, did not have it, and in such cases it was unnecessary to make any special reference or any reference at all to the statute.

In Reynolds v. Railway, 85 Mo. 90, it is decided that a party deserving to avail himself of the provisions of a public act is only required to state the facts which bring his case clearly within it. And so it has been held that where a party asserts and founds a right to recover upon a city ordinance he shall plead the ordinance. Givens v. Van Studdiford, 86 Mo. 149. Section 2087, Revised Statutes, provides that, it shall not be necessary to plead any public statute, but it shall be sufficient to allege the act was done by authority of the statute, or contrary to the provisions thereof, naming the subject-matter of such statute, or to refer thereto in some general terms with convenient certainty. The petition here, as has been seen, does not state facts which bring the plaintiff's case within section 8675, Revised Statutes, but, in the conclusion a reference is made to the statute in general terms, but not with convenient certainty.

No case has been found in this state wherein a recovery of a penalty has been permitted under this, or any similar statute, where the petition did not state the necessary facts to bring the case within the statute, or where it stated an action at common law and referred only generally to the statute in the prayer thereof. In actions on statutes so highly penal as this, it seems to us that the plaintiff in his petition should state the facts bringing his case within the statute and not content himself with the mere statement of a common law trespass and a bare reference generally to the statute. For these reasons we think the petition was insufficient to justify the court in trebling the amount of the general verdict found by the jury.

But there is still another equally potent reason why the judgment for treble damages can not be upheld. Section

8678, Revised Statutes, provides that, in the trial of any action brought on the statute, if it shall appear that the defendant had probable cause to believe the land on which the trespass was committed, or the thing taken or carried away, was his own, the plaintiff shall only recover single damages. The statute just referred to clearly recognizes the distinction between acts of unintentional and acts of intentional and flagrant wrong. Austin v. Mining Co., 72 Mo. 535; Schmidt v. Densmore, 42 Mo. 225; Holliday v. Jackson, 21 Mo. App. 660.

To show that he had probable cause to believe the property taken was his own, and that he was guilty of no intentional and flagrant wrong in removing the stone from the plaintiff's land, the defendant offered to prove that the stone were taken out of a certain public road, at a point where it runs over plaintiff's land, under the authority and direction of the road overseer in charge thereof; that the road at that place was greatly out of repair, and that by removing therefrom a ledge of stone the grade thereof would be reduced, and that it would be thereby greatly improved.

He also offered to prove by the county surveyor that the excavation was made within the limits of the public road. Now, we must assume that the plaintiff was able to make good his rejected offer. This proffered evidence tended to prove a fact which he was required to establish under the statute in order to relieve himself of the penalty it prescribes.

The road overseers of the state within their respective districts are charged with the duty of keeping the public roads in repair. R. S., sec. 7807. In the performance of this duty they may call upon persons in their districts to perform the work. It is true, that while a road overseer may take stone and other material from the roadway, under certain circumstances, for public use, without compensation, yet he can not appropriate the same for private use without liability. But if this evidence shows that the defendant in good faith removed the stone under the direction of the road overseer, supposing

that the latter had authority to give such direction, no reason is seen why it does not tend to disprove an intent on his part to perpetrate a flagrant wrong on the property rights of the plaintiff.

We can very well see how any one not versed in the law might well make the mistake of supposing that a road overseer had the requisite authority to dispose of the material taken out of the roadway, and not needed for use in repairing the road, in any way he saw fit. Defendant doubtless supposed that his labor in removing the stone and improving the roadway was a sufficient recompense to entitle him to the stone. Can it be said, under such circumstances, that the defendant was guilty of an intentional trespass, or that he had no probable cause to believe the stone so removed was not his own? It certainly can not be the law that a man acting in good faith under such conditions would be held guilty of an intentional and flagrant trespass. He would, of course, be liable for single damages but not for the statutory penalty.

Evidence of the kind rejected should, we think, have been admitted; not for the consideration of the jury, but, rather, for that of the court in determining whether or not the value of the property found by the verdict should be trebled by it. Rousey v. Wood, 57 Mo. App. 650, has no application to this case, as will appear by reference to it.

We think it is settled in this state by the cases cited in the brief of the defendant that in actions of trespass under the statute any evidence is admissible which tends to prove that the defendant had reasonable ground to believe the property taken was his own, and therefore he was guilty of no intentional wrong, justifying the infliction of the harsh penalty of the statute. Such evidence does not go to defeat the entire recovery, but is for the consideration of the court in determining whether the amount found by the jury shall be trebled. Walther v. Warner, *supra.*

Compton v. O., K. C. & E. Ry. Co.

No error is perceived in the action of the court in respect to the giving or refusing of instructions.

The judgment must be reversed and cause remanded, with leave to plaintiff to amend his petition if he elect so to do. All concur.