O'BANNON et al., Respondents, v. ST. LOUIS &
SUBURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 12, 1904.

1. PRACTICE: Bill of Exceptions: Time of Filing. The trial
judge is without power to extend the time for filing a bill of
exceptions after the expiration of the time fixed by the last
order of extension.

2. ———: ———: ———: Dismissing Appeal. Although a bill of
exceptions has not been filed in time, it is the duty of the ap-
pellate court to consider errors, if any, patent on the face of
the record.

3. TRESPASS: Treble Damages: Sufficiency of Petition. In an
action for trespass claiming treble damages under section
4572, Revised Statutes 1899, a petition, otherwise sufficient,
which fails to allege that the defendant had no interest or
right in the property carried away from the land, while good at
common law, is not sufficient under said statute to entitle the
plaintiff to treble damages.

Appeal from Dunklin Circuit Court.—*Hon. James L. Fort*, Judge.

APPEAL DISMISSED.

*James Orchard* for appellant.

(1)  Where it is sought to recover treble damages for trespass to land, in the taking and removal of articles therefrom, it should be alleged in the petition that the defendant had no interest or right in the articles taken or removed, or that the same were taken from lands not his own.  One or the other of these allegations is imperative.  Hewitt v. Harvey, 46 Mo. 368.  (2)  A complaint for trespass under Revised Statutes 1899, sec. 4572, which alleges that the defendant, without leave entered, etc., and carried away, etc., states an action at common law, and not under the statute.  Since it omits the allegations that the defendant had no interest in the things so taken and that it entered upon land not his own, then it is error to treble the damages on the verdict.  Pitt v. Daniel, 82 Mo. App. 168.  (3)  In actions on statutes so highly penal as this, the plaintiff must in his petition state all the facts to bring his case within the statutes and should not content himself with a mere statement of the common law trespass, and a general reference to the statute.  (4)  The petition must allege that the plaintiff is the owner of the land or that he was in actual possession, and unless one or the other of such allegations is contained in the petition it will not support an action under the statute.  Railroad v. Freeman, 61 Mo. 80; Renshaw v. Lloyd, 50 Mo. 368; Bell v. Clark, 30 Mo. App. 224; Holladay Co. v. Moss Co., 79 Mo. App. 543.

REYBURN, J.—This appeal was perfected in abbreviated form permitted by the statute, and from the appellant's abstract of record must be gathered the times

of the events constituting the history of the proceedings had and steps taken. From such source of information it is disclosed, that at the regular May term the motion for new trial was overruled by the circuit court of Dunklin county, on the twenty-second day of May, 1903, and on the same day an affidavit for appeal was presented, the application for appeal granted and an appeal allowed to this court; on the same day, by orders duly made, the defendant was given sixty days in which to perfect and file its bill of exceptions which was extended sixty days further on the thirtieth day of June following; on the sixteenth day of September, 1903, an order was made and entered of record extending the time of the defendant to file its bill of exceptions again thirty days; on the twenty-sixth day of September, 1903, the bill of exceptions was filed, bearing date and appearing to have been signed by the trial judge on the twenty-first of September preceding. Respondents have filed a motion to dismiss the appeal assigning that the time for filing the bill of exceptions expired August 30th, and the lower court was without authority to extend the time for filing the bill of exceptions after the time for filing had expired.

The statute (R. S. 1899, sec. 728) permits the filing of the bill at the time at which the exceptions are taken or during the term of the court at which they are taken or within such time thereafter as the court may allow, which time may be extended by the court or judge in vacation for good cause shown. The time granted defendant by the additional extension of sixty days made June 30th had expired before September 16th, when the final extension of time was sought to be made, and the trial judge was without further power to extend by this last order the time for filing the bill of exceptions as the Supreme Court in a series of decisions has declared. State v. Schuchman, 133 Mo. 111; State v. Simmons, 124 Mo. 443; State v. Seaton, 106 Mo. 208; State v. Clark, 119 Mo. 426. It is obvious that if the trial

court, by new order of extension, could validate a bill of exceptions after the time theretofore fixed by proper order had expired, no limit would be defined within which an appeal could not be so perfected. Under the statute it is the duty of the appellate court to consider errors, if any, patent on the face of the record even in absence of a bill of exceptions. South St. Joseph Land Co. v. Bretz, 125 Mo. 418; Lilly v. Menke, 126 Mo. 190.

The action is for trespass and is arraigned as insufficient in the allegations contained to fall within the terms of section 4572, R. S. 1899, particularly in omission of averments to the effect that defendant had no interest or right in the property carried away or that such articles were taken from land not its own. The complaint averred that plaintiffs were, on date specified, lawfully possessed of realty described and at divers times indicated, defendant through its agents, etc., with force and arms entered upon plaintiffs' said premises, dug up and carried away the sand of plaintiffs, part of the realty, of the value and to plaintiffs' damage as stated, contrary to the form of the statute, and treble damages were prayed. This petition appears to have closely resembled the petition attacked upon the ground of omission of like recitals in the terms of the statute then prevailing, in Hewitt v. Harvey, 46 Mo. l. c. 371, both complaints attempting reference to the statute after reciting value of property and asking that the damages be trebled and judgment therefor. The legislative enactment then in force was amended in 1893 by broadening the language so as to comprehend ice or other substance or material being part of any realty (Laws 1893, p. 264), but the substantial provisions and requirements remained undisturbed. In course of the opinion in above case the distinguished jurist, expressing the opinion of the court, observes: "The petition does not state that the defendant had no interest or right in the timber cut and carried away, or that it was taken from land not his

own. No facts are stated which, according to the rules of good pleading, bring the plaintiff's case within the provisions of the statute. The petition is sufficient to give a common law right of action but is not good under the statute.'' It may be remarked that in this case the language of the amended petition was, that the defendant wrongfully entered upon land of which the plaintiff was owner, at least as adequate as the words of the complaint here. Again after the amendment above alluded to, in case of Pitt v. Daniel, 82 Mo. App. 168, the petition averring that plaintiff was owner of a certain quarter section of land, and defendant without leave entered upon said premises and dug up and carried away stone of the value, etc., was challenged as insufficient, and in a lengthy array of the decisions of this State applicable, the petition was held to state an action at common law, but not a cause of action under the statute.

The petition herein fails to negative, expressly or by inference, the exonerating situations of the statute under which the alleged trespass might have ensued, and guided by the above decisions, the conclusion can not be avoided that here also the petition, though sufficient as a common law complaint, does not meet the essential requirements of the statute entitling plaintiff to recover treble damages. In the review of the record as displayed by the abstract of appellant, the fact has obtruded itself upon our attention that the affidavit for appeal is signally defective in failing to conform to the terms of the statute governing appeals. R. S. 1899, sec. 808. A substantial compliance with the statute is indispensable. Debolt v. Kansas City, etc., 123 Mo. l. c. 514; Railroad v. Powell, — Mo. App. —. The appeal therefore must be dismissed and it is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.