O'BANNON et al., Defendants in Error, v. ST. LOUIS & GULF RAILWAY COMPANY, Plaintiff in Error.

**St. Louis Court of Appeals, February 21, 1905.**

1. **TRESPASS: Treble Damages.** In an action for trespass, where the petition alleged that the plaintiffs were lawfully possessed of the land upon which the trespass was made, but failed to state that they were the owners of the land or that the defendant had no right or interest in the materials removed by it from the land, it did not state a cause of action authorizing a judgment for treble damages under section 4572, Revised Statutes of 1899.

3. ——: **Common-Law Action.** The petition, however, stated a cause of action for trespass at common law and judgment should have been entered under it for single damages only, as found by the jury.

Appeal from Dunklin Circuit Court.—*Hon. Jas. L. Fort,* Judge.

REVERSED AND REMANDED (*with directions*).

*James Orchard* for plaintiff in error.

(1) Where it is sought to recover treble damages for trespass to land, in the taking and removal of articles therefrom, it should be alleged in the petition that the defendant had no interest or right in the articles taken or removed, or that the same were taken from lands not his own. One or the other of these allegations is imperative. Hewitt v. Harvey, 46 Mo. 368; Pitt v. Daniel, 82 Mo. App. 168. (2) A complaint for trespass under Revised Statutes of 1899, section 4572, which alleges that the defendant, without leave entered, etc., and carried away, etc., states an action of the common law, and not under the statute. Since it omits the allegations that the defendant had no interest in the

things so taken, and that it entered upon land not his own, then it is an error to treble the damages on the verdict. (3) In actions on statutes so highly penal as this, the plaintiff must in his petition state all the facts to bring his case within the statutes, and should not content himself with a mere statement of the common law trespass, and a general reference to the statute.

*Ely* and *Kelso* for defendants in error.

STATEMENT.

Omitting caption, the petition is as follows:

"Plaintiffs for their cause of action state that the defendant is a railroad corporation organized and existing under the laws of the State of Missouri; that said defendant company is now and was at all times hereinafter mentioned, operating its railroad through said county of Dunklin.

"Plaintiffs state that on the first day of January, 1903, they were lawfully possessed of the following described lands lying in Dunklin county, Missouri, to-wit: The northeast quarter of section twenty-two, township twenty-one north, range ten east, also the fractional part of section twenty-three, township twenty-one north, range ten east, in said county.

"That on the ———— days of January and at divers times and on divers days during the month of February, 1903, the said defendant, by and through its agents, servants, employees and vice-principals, with force and arms, entered upon said premises of the plaintiffs, and did dig up the sand of the plaintiffs, and the same being a part of the realty and of the value of five hundred and thirty-three dollars, did carry away said sand, contrary to the form of the statute in such cases made and provided, to the injury of plaintiffs in the sum of five hundred and thirty-three dollars.

"Wherefore, plaintiffs ask judgment for treble

damages as provided by the statute, together with their costs."

The first paragraph of the answer is a general denial. The second paragraph sets up an affirmative defense which alleges in substance, that on the ——— day of June, 1903, plaintiff, O'Bannon, contracted and agreed to sell and convey to defendant five acres of land at one hundred and twenty-five dollars per acre; that in pursuance of said agreement, and relying thereon, defendant had the land surveyed, entered upon it in good faith and removed earth and sand therefrom to be used upon its roadbed, and after making the survey, prepared and mailed a deed to O'Bannon who returned it with objections to the description; that a second deed was prepared and the description of the land made to conform to the wishes of O'Bannon which deed was taken to him by an agent of defendant with the request that he execute the same; that he gave no satisfactory answer but referred the agent to his attorney from whom likewise the agent received no satisfaction and thereupon O'Bannon notified defendant to get off the land, which it did as soon as it could after the reception of the notice.

The evidence shows that plaintiffs are the owners of the land and that they were in possession by a tenant to whom they had leased it. Defendant's railroad runs through a portion of the plaintiffs' land which is in cultivation. On either side of the railroad within the right of way are ditches, the roadbed being about three feet above the general surface. Beginning with the ditch on one side of the roadbed, the defendant cut into plaintiffs' land with steam shovels and made a ditch thereon four hundred and thirteen feet long, twenty feet wide at one end and thirty feet wide at the other, ranging in depth from six to twelve feet. The plaintiffs never gave defendant permission to enter upon the land or to remove the soil and sand therefrom. O'Bannon,

on his examination as a witness, stated that he agreed to sell defendant five acres of land at one hundred and twenty-five dollars per acre; that the strip he agreed to sell was irregular in shape and abutted on the defendant's right of way, and at the time he agreed to sell, it was understood that the land should be surveyed and that he should be notified when the survey was to be made so that he could be present and point out the particular strip of land he was willing to sell; that he was never notified that a survey was going to be made and, about January 25, 1903, he received a deed describing five acres of the land with a request to execute the same; that he objected to the description and returned the deed to the company's agent who had mailed it to him.

Defendant's evidence is that O'Bannon agreed to sell five acres of land to it at one hundred and twenty-five dollars per acre (which agreement was not reduced to writing) ; that relying upon this agreement, defendant proceeded to remove earth and sand from the land, had it accurately surveyed, and prepared a deed and mailed it to O'Bannnon, who returned it with objections to the description of the land; that another deed was prepared to meet the objections and taken to O'Bannon by an agent of the company for the purpose of having it executed; that O'Bannon was non-communicative and indifferent about the execution of the deed and referred the agent to his attorney. The agent, on seeing his attorney, was informed by him that he had told O'Bannon he was selling the land too cheap, that it was worth two hundred and fifty dollars per acre. The "upshot" of the business was O'Bannon refused to carry out the contract, would not make a deed and gave notice to defendant to stop removing earth and sand from the premises which was done as soon as the order to stop could be gotten from the proper officer of the company.

The court gave the following instructions to the jury:

"The court instructs the jury that if they find from the evidence that the defendant bought from the plaintiffs and the plaintiffs sold to the defendant five acres of land and that nothing remained to complete the transaction but the surveying of the land, payment of the money and the delivery of the deed, and that defendant thereafter entered upon a certain portion of the said five acres, in good faith, expecting and being willing to complete the purchase by payment of the money upon the delivery of the deed, then the defendant in making such entry and taking and removing sand therefrom was not a trespasser and you will find issues for the defendant.

"The court instructs the jury that if the defendant was not guilty of a trespass they will disregard in this action all evidence as to the value of the materials removed by defendant, and all other evidence of the amount of damages that may have been suffered by the plaintiffs.

"And the court declares the law to be that if the defendant without right or authority entered upon the lands of the plaintiffs and dug and removed sand and other material therefrom it became and was liable as and for a common-law trespass; but if it acted in the premises in good faith, believing it had a right to do so, and committed no intentional or flagrant wrong it did not become liable under the statute for treble damages."

The jury found the following verdict:

"We, the jury, find the issues joined, in this cause for the plaintiff and assess his damages at the sum of one hundred and twenty-five dollars; and we further find that the defendant had no probable cause to believe that the land on which the trespass was committed was its own."

A judgment was entered for treble the damages assessed by the jury. Defendant appealed. Its appeal was dismissed at the March term, 1904, of this court (80

S. W. 321). After the dismissal of its appeal, defendant sued out a writ of error and the cause is now here on that writ for review.

BLAND, P. J. (after stating the facts).—(1) The appeal was dismissed for the reason the abstracts of the record, as then filed, failed to show that the bill of exceptions had been filed in time. The abstracts of the record now on file show that the case was tried at the April term, 1903, of the Dunklin Circuit Court and, on the twenty-second day of May, a verdict was rendered and motion for new trial filed and overruled, an appeal allowed and defendant given sixty days in which to file bill of exceptions; that during the same term (on June 30th) time to file bill of exceptions was extended sixty days, and on September sixteenth time for filing bill of exceptions was extended thirty days, and that bill of exceptions was filed on the twenty-sixth day of September, 1903, so that as now shown by the abstracts of record, the bill of exceptions was filed in time.

(2) The contention of plaintiffs in error is that the petition does not allege facts sufficient to bring the case within section 4572, Revised Statutes 1899, providing for treble damages (which section reads in part that: "If any person shall cut down, injure or destroy or carry away any tree, . . . of any other person, or shall dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mold, . . . being a part of the realty, . . . in which he has no interest or right") ; and that the court erred in trebling the damages assessed by the jury and entering judgment therefor. The petition alleged that the defendants in error were in the lawful possession of the land but it nowhere avers that they were the owners or had other than a mere possessory right in the land, and it also fails to allege that the plaintiffs in error had no right or interest in the earth and sand removed by it from the land.

In Hewitt v. Harvey, 46 Mo. 368 and Pitt v. Daniel, 82 Mo. App. 168, it was held that petitions which omitted to state that the defendant had no interest or right in the thing taken from the land were insufficient to entitle the plaintiff to treble damages. The same ruling was made in this case when it was here on appeal. The judgment should have been for the damages assessed by the jury and no more. It is therefore considered that the judgment be reversed and the cause remanded with directions to the trial court to enter judgment for defendant in error for one, hundred and twenty-five dollars with six per cent interest thereon per annum from May 22, 1903.

All concur.