## CHARLES A. FREDERICK, Respondent, v. CAROLINE BRUCKNER, Appellant.

### Kansas City Court of Appeals, April 1, 1907.

1. **TRESPASS: Sufficiency of Statement: Verdict: Partition Fence: Inclosing Field.** A statement in a justice's court under section 4573, Revised Statutes 1899, is held good after verdict, though it does not allege that the fence cut was a partition fence dividing two farms, nor that the fence inclosed the plaintiff's cultivated field or that six month's notice of an intention to remove the fence had been given. *Held*, further, that there was no failure to allege that the fence was a part of plaintiff's inclosure and that the defect in the statement in not alleging that the fence did not lead into defendant's inclosure could be and had been waived.

2. **——: Possession: Evidence: Appellate Practice.** The question whether the defendant was in actual possession of a certain strip of land on which the fence was built was submitted to the jury with substantial evidence on both sides and their finding settled the contention.

3. **——: Agreement as to Possession: Evidence: Instruction.** *Held*, that an instruction set out in the opinion correctly submitted to the jury the question of whether plaintiff and defendant had made an agreement that the plaintiff should build his fence on his side of a certain line.

Appeal from Cooper Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*John Cosgrove* for appellant.

(1)   The statement of the plaintiff does not state a cause of action under section 4573, Revised Statutes 1899.   The statute is a penal one, and the plaintiff must bring himself strictly within its provisions to recover. Parish v. Railroad, 63 Mo. 287; Potter's Dwarris on Statutes and Const., 245; State v. Reid, 125 Mo. 43; Dudley v. Tel. Co., 54 Mo. App. 391; Wilson v. Burton, 96 Mo. App. 686.   (2)   The defendant was in actual possession of the land at the time plaintiff erected the fence, and which she cut.   Plaintiff's possession was a prerequisite to an action of trespass.   Cook v. Redman, 45 Mo. App. 397; Lindenbower v. Bentty, 86 Mo. 515; Brown v. Center, 52 Mo. 46.   (3)   The plaintiff's first instruction is erroneous and should not have been given. Hedges v. Pollard, 149 Mo. 216; Blair v. Smith, 16 Mo. 275; Brummell v. Harris, 162 Mo. 397; Barnes v. Allison, 166 Mo. 96; Harding v. Wright, 119 Mo. 91; Whitaker v. Whitaker, 157 Mo. 354; Sell v. McAnaw, 158 Mo. 466; Houser v. Andersch, 61 Mo. App. 20; Brummel v. Harris, 148 Mo. 440.

*W. G. & G. T. Pendleton, J. F. Rutherford* and *C. D. Corum* for respondent.

(1)   Plaintiff's statement, by express terms, was based upon section 4573, Revised Statutes 1899.   It states a cause of action under the first clause of said section.   Wilson v. Burton, 96 Mo. App. 686.   (2) While plaintiff insists that his statement is clearly good under the statute, it will be further noticed that defendant took no exceptions to the form of the statement previous to nor during the trial.   The law is well established in this

State—indeed wherever the common law is known and practiced—that although a petition may be defective, yet, if it appear after verdict that the verdict could not have been given or the judgment rendered without proof of the matter omitted to be stated, the defect will be cured and the judgment will not be arrested. Jones v. Louderman, 39 Mo. 287; Richardson, Mellior & Co. v. Farmer, 36 Mo. 35; Kercheval v. King, 44 Mo. 401; Robinson v. Railway Con. Co., 53 Mo. 435; Golding v. Golding, 74 Mo. 123; Sawyer v. Railroad, 156 Mo. 476; Gustin v. Ins. Co., 164 Mo. 172; Buck v. Railroad, 46 Mo. App. 562; Murphy v. Ins. Co., 70 Mo. App. 78. Reference in the statement to the section of the statute cures all omissions. Jackson v. Railroad, 80 Mo. 147.

JOHNSON, J.—Action brought before a justice of the peace under the provisions of section 4573, Revised Statutes 1899, to recover damages and penalty for an alleged wrongful act of defendant in cutting a wire fence belonging to plaintiff, which served to enclose his farm. The verdict and judgment in the circuit court, where the case was tried on appeal, were for plaintiff in the sum of one cent actual damage and five dollars penalty.

The parties owned adjoining farms. Before the erection of the fence which is the subject of present concern, the only barrier between them was a rail fence which had been erected many years before, by a prior owner of plaintiff's farm. This fence was built wholly on land of its builder, and its distance from the boundary line varies from about a foot at each end to fifteen feet at other points along its course. It formed a part of plaintiff's enclosure and belonged entirely to him. Until some six years before the occurrence in question defendant's farm was not enclosed, and, though she endeavored to show title in herself by prescription, to the land between the real dividing line and the rail fence,

124 App.—3

her own evidence, as well as that of plaintiff, disproves the existence of such title.

It appears that plaintiff, while contemplating the building of a new fence, was approached by defendant with the proposal that he join with her in the expense of having the line surveyed, in order that the new fence could be acurately located. Plaintiff agreed to this, and defendant proceeded to have the line surveyed and marked by the county surveyor and paid the charge made for the service. She and plaintiff disagreed over the amount of the contribution the latter should make to her on account of that expense, and thereafter there was no peace between them. Plaintiff proceeded to build a new fence at his own expense, and his evidence tends to show that it was placed on his own land about one foot from the line surveyed, while the evidence of defendant places it about one foot over on her side of the line. Defendant cut the fence, and this suit was one of the unpleasant results of that act. In the preceding March (the fence was cut in September, 1903), plaintiff served written notice on defendant of his intention to rebuild his fence, in which he advised her that she "must cut loose from my said fence (the rail fence) on or about the first day of October, 1903, and not rejoin thereafter." Defendant, with the consent of plaintiff had been using the rail fence as a part of the enclosure maintained on her farm, for a period of several years; hence the notice.

In the statement on which the case was tried, it is alleged "that the defendant, Caroline Bruckner, on the 5th day of September, 1903, voluntarily cut and threw open the wire fence and left same open, which said fence was and is the property of plaintiff and situated on or near the boundary line of plaintiff's land in Cooper county, Missouri, described as the east half of the southwest quarter of section 12 in township 48 of range 16, the said land being a part of plaintiff's farm which was

at the time of such injury enclosed with said fence. And plaintiff states that he has been damaged by said act of the defendant in the sum of thirty-five dollars. Wherefore plaintiff prays judgment against the defendant for double the amount of said damage, and for the additional sum of five dollars, as provided by section 4573 of the Revised Statutes of 1899, and for costs."

The sufficiency of these averments to constitute a cause of action is challenged by defendant on several grounds, but the attack was made for the first time in the motion in arrest, and we are of opinion that, notwithstanding, the penal provisions of the statute require that it be strictly construed and not enlarged by implication, the defects claimed, if any exist, were waived by failure of defendant to take advantage of them by demurrer. It was not necessary to allege that the fence cut was a partition fence dividing the two farms, since it would constitute an offense, under the statute, for defendant to cut any fence maintained by plaintiff on his own land, as well as thus to injure a fence dividing the two farms. Nor was it necessary to allege or prove that the injured fence enclosed a cultivated field of plaintiff, nor that "the plaintiff or defendant had given six months written notice of an intention to remove said fence." These provisions relate exclusively to partition fences between adjoining farms. Plaintiff did not charge an injury to that character of fence, but his allegations and proof relate to one that was not a division fence, either under the statute or by the agreement of the parties. [McLean v. Berkabile, 123 Mo. App. 647.] It was his own property, built on his own land, and had not been and was not intended to be used by defendant as a part of her enclosure. These omissions from the statement constitute no defect.

We consider the contention that the allegations fail to assert that the fence in question was a part of plaintiff's enclosure to be founded on an incorrect construc-

tion of the language employed. Of course, a fence on one of the four sides of an enclosure cannot, of itself, enclose anything, but to say of such fence that it enclosed a part of plaintiff's farm necessarily means that the other sides of the tract also were enclosed—else there could be no enclosure.

The statement was defective in not alleging that the fence in question did not lead into defendant's enclosure, but as this is a defect that could be waived, it is cured by the failure to make it a subject of a demurrer to the statement.

It is argued by plaintiff that the action cannot be maintained because the proof shows defendant was in the actual possession of the strip of land on which the new fence was built. The evidence of plaintiff tends to show that at the time the agreement was made between him and the defendant for the establishment of a line between them by survey, it was further agreed that each should have possession of all the land lying on his side of the line, and that, pursuant thereto, plaintiff had actual peaceful possession of a strip between the line and the rail fence, when he built the new fence. Defendant denied this, but the issue thus raised was submitted to the jury in the instructions given, and as the jury found the fact in favor of the contention of plaintiff, we must regard that issue as settled.

The view taken by the learned trial judge of the law controlling the case is very well expressed in the first instruction given on behalf of plaintiff, which is as follows: "If the jury believe from the evidence, that the plaintiff and defendant agreed that the first line run and staked out by Surveyor Allison should be the division line between their lands, and that it was understood and agreed by them that the plaintiff should claim and possess the land west of and up to said line, and that the defendant should claim and possess the land east of and up to said line, and that the plaintiff with the consent

of the defendant did take possession of the land west of said line and did set a line of posts on or west of said line for the purpose of constructing a fence thereon and if you further believe from the evidence, that thereafter plaintiff did construct a fence on or west of said line, and that said fence inclosed lands belonging to plaintiff and in his possession and control, and that the defendant voluntarily cut and opened said fence and voluntarily left the same open, then your verdict must be for the plaintiff."

We find no error in this instruction. It appears that the county surveyor ran two lines which did not altogether coincide, but the evidence of the plaintiff is to the effect that the parties agreed that the first line should be accepted by them as the true one. This they could do, and the instruction is not subject to the criticism that it assumes, as a matter of law, the first line run was the true dividing line between the farms. The questions as to whether or not plaintiff and defendant had made the agreement claimed by the former, and that plaintiff had built his fence on his side of the line, thus established, were properly treated as issues of fact, and now are not open to review.

Other points are made against the rulings of the court in the giving and refusing of instructions, but we find that the law was correctly declared.

The judgment is affirmed. All concur.