WILLIAM FALLOON, Respondent, v. SAMUEL FENTON, Appellant.

Springfield Court of Appeals, June 13, 1914.

1. TRESPASS: Cutting Timber on Another's Land: Review of Evidence. In an action for trespass against defendant for cutting timber on plaintiff's land, evidence reviewed and ex-

amined and *held* sufficient to sustain the findings of two juries that a trespass had been committed.

2. **TRIAL: Motion for New Trial: Definiteness: Errors to be Specifically Stated.** The ground for a motion for a new trial "because the verdict of the jury is not supported by the law and the evidence and the weight of evidence," is considered not sufficiently definite except on the assignment that the verdict was against the weight of the evidence.

3. **APPEAL AND ERROR: Verdict: New Trial: Court's Discretion.** An appellate court will not interfere with a judgment on a ground charging that it is against the weight of the evidence unless it is clearly shown that there was an abuse of discretion on the part of the trial judge in refusing to set aside the verdict.

4. **PLEADINGS: Sufficiency: In Justice Court: Trespass.** A complaint stating that defendant had wrongfully entered upon plaintiff's land and committed a trespass thereon to the damage of plaintiff by cutting plaintiff's timber, is sufficient to meet the requirements of a complaint in a justice court.

5. ————: **Defects Not Vital: Cured by Verdict.** Defendant did not question the sufficiency or form of the complaint prior to the rendition of the verdict in an action for trespass in a justice court. The verdict cured any defects not vital.

Appeal from Crawford County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*M. E. Rhodes* for appellant.

(1) If a petition states no cause of action, such question can be raised in the Appellate Court for the first time, and a judgment thereon should be reversed. McQuitty v. White, 218 Mo. 586; Davis v. Jacksonville Line, 126 Mo. 69; Hoffman v. McCracken, 168 Mo. 343. (2) In granting or refusing new trials based upon the ground that the verdict is against the law and evidence, and against the weight of the evidence, the trial judge should endeavor to avoid giving effect to any decision which amounts to a failure on the part of the jury to award substantial justice. Sec. 308, Vol. I, Chamberlayne's Modern Law of Evidence.

(3) When a verdict is clearly against the weight of the evidence, it is the duty of the Court to set it aside and order a new trial. This is an imperative duty and cannot be evaded on the theory that the jurors are the exclusive judges of questions of fact and the evidence can be weighed on appeal. 14 Am. and Eng. Ency. Pleading and Practice, 776; Price v. Evans, 49 Mo. 396; McKay v. Underwood, 47 Mo. 185; Iron Mountain Bank v. Armstrong, 92 Mo. 265; State v. Scott, 214 Mo. 261; Aultman Co. v. Organ, 149 Mo. App. 102; Bank v. Wood, 124 Mo. 72; Eidenmiller v. Kump, 61 Mo. 342. (4) Where an independent fact essential to the cause of action is omitted, the pleadings will be had on motion in arrest of judgment. 2 Am. and Eng. Ency. Pleading and Practice, p. 799, par. 2; Welch v. Bryan, 28 Mo. 30; Frazer v. Roberts, 32 Mo. 457; Newman v. Perrill, 73 Ind. 153; Crawford v. Crockett, 55 Ind. 220.

*Roy Clymer* and *John W. Booth* for respondent.

(1) In proceedings before justices of the peace any statement filed before the justice is sufficient if it apprises the opposite party of the nature of the action, and is sufficient to bar another action for the same cause. Printing Co. v. Belcher, 127 Mo. App. 133; Frederick v. Bruckner, 124 Mo. App. 31; Dalton v. United Railways Co., 134 Mo. App. 392. (2) The complaint filed with the justice of the peace in the case at bar alleges facts which are sufficient to constitute a good common law right of action, though it does not state sufficient facts to authorize a recovery of treble damages under the statute (Sec. 4572, R. S. of 1899—Sec. 5448, R. S. of 1909 of Mo.) Hewitt v. Harvey, 46 Mo. 368; O'Bannon v. Railroad, 111 Mo. App. 202; Pitt v. Daniel, 82 Mo. App. 168; O'Bannon v. Railway Co., 106 Mo. App. 316; Lumber Co. v. Craig, 112 Mo. App. 454. (3) There was ample evidence in

support of respondent's complaint to authorize the Court to submit the case to the jury, and to support the verdict of the jury. McKay v. Underwood, 47 Mo. 185; Kinlen v. Railroad, 216 Mo. 145, l. c. 176; Bank v. Rogers, 123 Mo. App. 569; State v. Scott, 214 Mo. 257, l. c. 261. (4) It is only where there is no substantial evidence to support a verdict that an appellate court will reverse a judgment for want of evidence to support the verdict. State v. Scott, 214 Mo. 257, l. c. 261. (5) It is well settled that a motion for. a new trial must so definitely set out the reasons therefor as to direct the attention of the trial court to the precise error of which complaint is made. And, the simple assertion that the verdict of the jury is against the law as in this case does not indicate specifically wherein it infringes upon the law. See State v. Scott, 214 Mo. 257, 261.

FARRINGTON, J.—On April 18, 1910, plaintiff (respondent) recovered a judgment against the defendant (appellant) in a justice's court in Crawford county for the sum of one dollar on a cause of action stated as follows: "Plaintiff states that on or about the 18th day of April, 1909, and at various and divers other times since, the defendant, without leave, wrongfully entered on the east one-half of lot 6, of the northwest quarter of section 4, township 39, range 2, west of Crawford county, Missouri, of which the plaintiff was then the legal owner and then and there cut timber to the value of fifty dollars and carried it away, by which acts and doings of defendant plaintiff was damaged to the amount of one hundred and twenty-five dollars, for which plaintiff asks judgment under section 4572, Revised Statutes 1899."

From that judgment the defendant appealed to the circuit court where after two mistrials the plaintiff again recovered judgment for one dollar, and it is from this that defendant appeals.

In the motion for a new trial the only ground stated is as follows: "Because the verdict of the jury is not supported by the law and the evidence and the weight of the evidence."

There is substantial competent evidence in the record before us tending to support the following statement of facts: Plaintiff and defendant are adjoining landowners, their farms being divided by a township line, plaintiff owning the land north and defendant owning the land south of such line. The defendant cut trees which the evidence shows were worth from one to five dollars in value. There is no controversy thus far. The plaintiff contends that such trees were south of the line and therefore on his land, and the defendant claims that his acts were done north of the line and therefore on his land. The plaintiff showed by John Smith, the county surveyor at the time of the trial, that he had run the line in question several times and that the trees cut were south of the line which he established as the township line, the same being the boundary line between the parties. Other witnesses swore that the timber was cut south of the line established by John Smith. This witness (John Smith) also testified that one Griffith, a civil engineer, in company with him run the line, which survey is referred to in the evidence as the Griffith survey, Griffith using the instrument and the witness making the notes, and that the Griffith line at the northwest corner of plaintiff's land was several feet south of the John Smith line, which variation was accounted for by them as due to local attractions varying the needle. However, the defendant admits that he cut some timber south of the Griffith line. The defendant, in order to establish that the timber cut was north of the line, introduced one G. L. W. Smith, an ex-county surveyor who had made several surveys of this line, the first one having been made twenty-four years be-

fore the trial, and the others after the controversy between the parties had waxed warm.  His testimony tended to show that the township line, which is the dividing line, is several feet south of the place where the timber was cut.  The defendant swore that he helped (carried the chain) when three old surveys were made many years before the time of the trial, the first one being more than forty years ago, and that he remembers that all four of the surveys (including that of G. L. W. Smith) placed the line in question south of the place where he cut the timber.

Enough has been said to show that the only issue is as to which side of the boundary line the timber was that was cut.  If on the south side, the defendant committed a trespass and is liable in damages to the plaintiff for the value of the timber destroyed.

Two juries have passed on this question of fact adversely to the defendant, and from what has been said, it is apparent that such finding is supported by substantial evidence.

This point might have been disposed of on the ground that the motion for a new trial was not sufficiently definite except on the assignment that the verdict was against the weight of the evidence.  [State v. Scott, 214 Mo. 257, 261, 113 S. W. 1069.]  That case, together with many more lay down the rule that an appellate court will not interfere with a judgment on a ground charging that it is against the weight of the evidence unless it is clearly shown that there was an abuse of discretion on the part of the trial judge in refusing to set aside the verdict.  The reason for such rule is too well known to the bar to justify repetition.

The complaint, hereinbefore set out, shows that it was sufficient to advise the defendant that he had wrongfully entered upon plaintiff's land and committed a trespass thereon to the damage of the plaintiff by cutting plaintiff's timber—enough to meet all the re-

quirements of a complaint in a justice court. [Frederick v. Bruckner, 124 Mo. App. 31, 101 S. W. 619; Great Western Printing Co. v. Belcher, 127 Mo. App. 133, 104 S. W. 894.] The defendant at no time prior to the rendition of the verdict questioned the sufficiency or form of the complaint, and any defects not vital were cured after verdict. It does aver sufficient facts to constitute a cause of action at common law. [Hewitt v. Harvey, 46 Mo. 368; O'Bannon v. Railroad, 111 Mo. App. 202, 85 S. W. 603; Pitt v. Daniel, 82 Mo. App. 168; O'Bannon v. Railway Co., 106 Mo. App. 316, 80 S. W. 321; Mishler Lumber Co. v. Craig, 112 Mo. App. 454, 87 S. W. 41.] And as the instruction given (about which no complaint appears in the motion for a new trial) limited the amount of recovery to not more than five dollars, there is no cause of complaint in this court. All the penalty under the section of the statute named in the complaint was eliminated by the instruction given.

It is unfortunate that over so paltry a sum as one dollar neighbors should quarrel and air their troubles in the courts, thereby piling up costs many times in excess of the amount in controversy. Like many others, this case was manifestly contested because of bad feeling existing between the parties. The trial judge who rendered the judgment heard the evidence in this controversy three times, and doubtless decided, as we have, that where litigants chance their rights in the hands of their countrymen to decide questions of fact, they must abide by the finding where there is, as there is in this case, substantial evidence to support it. The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.